GEORGE HARMON, DBA VALLEY INN MOTEL, APPEL-
LANT, v. TELERENT LEASING CORPORATION,
RESPONDENT.

No. 8766

March 30, 1977                                    561 P.2d 1340

*R. Paul Sorenson,* Las Vegas, for Appellant.

*Wanderer and Wanderer,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Telerent Leasing Corporation filed a complaint against George Harmon d/b/a Valley Inn Motel. Thereafter, on March 1, 1976, the district court granted Telerent's motion for summary judgment and Harmon has appealed.

In his answer to the complaint, Harmon advanced, *inter alia,* the affirmative defense that under NRS 80.210(1), Telerent could not maintain the action because it was not qualified to do business in the state.[1] Neither Telerent's pleadings, nor its affidavit in support of summary judgment, attempted to controvert Harmon's contention.

A motion for summary judgment should not be granted unless there is no genuine issue as to any material fact in the case. *See* Ottenheimer v. Real Estate Division, 91 Nev. 338,

---

[1]NRS 80.210(1) provides in part: "Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040 [re qualifying to do business in the State of Nevada] . . . shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state until it shall have fully complied [therewith]."

188

535 P.2d 1284 (1975); Old West Enterprises v. Reno Escrow Co., 86 Nev. 727, 476 P.2d 1 (1970); Islandia, Inc. v. Marechek, 82 Nev. 424, 420 P.2d 5 (1966).

Here, when the trial judge ruled in favor of Telerent, there was nothing in the record to controvert Harmon's contention; therefore, there is an unresolved factual dispute regarding Telerent's compliance—or non-compliance—with the requirements of NRS 80.210(1).[2] Accordingly, we reverse and remand with instructions to the district court to consider and resolve that dispute.

---

[2]On April 6, 1976, after the appeal had been noticed, Harmon filed a certificate, signed by the Secretary of State, which stated that *Telerent had never qualified* to do business in this state. On April 8, 1976, Telerent filed a certificate, signed by the Deputy Secretary of State, which stated that *Telerent was qualified* to do business in the state. Neither of these certificates was presented to or considered by the trial judge when he rendered judgment for Telerent on February 26, 1976.