**ISLAND STEVEDORING, INC., Plaintiff,**

v.

**The BARGE CCBI, her appurtenances, engines, tackle, etc., in rem, and Anderson Steamship Agency, Inc., in personam, Defendants.**

**Civ. No. 90–1143 (JAF).**

United States District Court, D. Puerto Rico.

Feb. 8, 1990.

José F. Sárraga, San Juan, P.R., for plaintiff.

José E. Alfaro–Delgado, Calvesbert & Brown, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Defendant Bordelon Brothers Towing Company ("BORDELON") asks this court to dismiss the action filed by plaintiff Island Stevedoring, Inc. ("ISLAND") pursuant to Rule 41 of the Federal Rules of Civil Procedure. Specifically, BORDELON invokes the "two dismissal" rule contained in Fed.R.Civ.P. 41(a)(1).[1] We find the

grounds asserted by BORDELON without merit and consequently, deny the motion.

### I. *Procedural Background*

BORDELON is the owner *pro hac vice* of Barge CCBI. ISLAND alleges that it rendered stevedoring services, valuing $39,925.84, to Barge CCBI on July 4–5, 1989 and September 16–17, 1989 at the Port of San Juan. ISLAND, asserting it was never paid for those services, filed an action styled *Island Stevedoring, Inc. v. The Barge "CCBI" in rem* and Anderson Steamship Agency, Inc. *in personam,* Civ. No. 89–0127 (JAF) before this court.

At that time, however, Barge CCBI was under attachment by Transcaribbean Maritime Corp. as a result of the action it filed in *Transcaribbean· Maritime Corp. v. Barge CCBI, in rem,* Civ. No. 89–1201 (JP). ISLAND filed a Motion Concerning Execution of Warrant of Arrest in Civil No. 89–1270 (JAF) advising this court that it was filing an intervening complaint in Civil No. 89–1201 (JP). ISLAND asked this court to stay proceedings in Civ. No. 89–1271 (JAF) pending the results of Civ. No. 89–1201 (JP).

On October 2, 1989 ISLAND dismissed its intervening complaint in Civ. No. 89–1201 (JP) after negotiating and consenting to the terms of release from arrest of Barge CCBI. As a result, Civ. No. 1270 (JAF) also was ultimately dismissed without prejudice.[2] After not being paid pursuant to the release agreement arrived at in Civ. No. 89–1201 (JP), ISLAND filed the instant action. BORDELON argues that the two earlier dismissals preclude ISLAND from filing this complaint, citing Fed.R.Civ.P. 41(a)(1) and (b).

### II. *Discussion*

■ Fed.R.Civ.P. 41(a)(1) allows dismissal of an action by notice or stipulation without prejudice. However, the Rule also

---

1. We find it inappropriate to discuss defendant's other arguments, *i.e.,* waiver of lien, at this stage in the litigation.

2. This court originally dismissed Civ. No. 89–1270 with prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). The "failure to prosecute", however, was simply a delay by ISLAND'S counsel in informing us promptly of

the result in Civ. No. 89–1201 (JP). Thus, the dismissal with prejudice may have been a hasty and harsh result. Consequently, after being informed by ISLAND of the release agreement in Civ. No. 89–1201 (JP), this court amended its judgment *nunc pro tunc* to provide for dismissal without prejudice.

states that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." This provision, commonly referred to as the "two dismissal" rule, prohibits the institution of a third action on the same claim.

However, by the terms of Rule 41(a)(1), the two dismissal rule does not apply where the second dismissal was made by a motion and granted by court order. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971); *see also Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir.1987). The second dismissal in question here, Civ. No. 89–1201 (JAF), was executed by a court order that was subsequently amended to specify that the dismissal was without prejudice to prior plaintiff, ISLAND.[3] Thus, we find that the two dismissal rule does not prevent ISLAND'S action currently before this court.

█ Even were we to find that the second dismissal was voluntary or by notice as required by the language of Rule 41(a)(1), we would still find the two dismissal rule inapplicable. A second dismissal as contemplated by this provision preceded by a dismissal by stipulation knowingly consented to by all the parties does not trigger the two dismissal rule. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971); *Poloron Products, Inc. v. Lybrand Ross Bros. and Montgomery*, 534 F.2d 1012, 1018 (2d Cir.1976). The rationale for this exception stems from the underlying policy of the rule. The primary purpose of the "two dismissal" rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of defendant's responsive pleading. *Poloron Products*, 534 F.2d at 1017. However, the danger of abuse of this right lessens when the original dismissal stems from mutual agreement. *Id.*

While the parties did not file a formal stipulation, the record in the case clearly indicates that the first dismissal resulted from negotiations and a consent agreement among the parties. *See* Plaintiff's Motion in Opposition, Exhibits 1–8, Docket Document No. 8. BORDELON, however, by insisting on a formal stipulation, asks this court to swear allegiance to the language of Rule 41(a)(1) at the expense of its underlying policy. This we refuse to do. As stated in *Poloron Products:*

"[w]here the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, the court should be most careful not to construe or apply the exception too broadly." 534 F.2d at 1017.

Consequently, we find that the first dismissal was in essence, if not in form, by stipulation. The two dismissal rule, therefore, does not apply.

Based on the foregoing, we DENY defendant's motion to dismiss the complaint.

IT IS SO ORDERED.

█

---

**3.** Defendant argues that the original dismissal, with prejudice, in Civ. No. 89–1270 (JAF), is a "court order" and that the amended order granting ISLAND'S motion for relief from the order was the "second dismissal" for Rule 41(a)(1) purposes. We reject this argument as it, in reality, seeks to prejudice ISLAND for the inappropriate first dismissal entered by this court.