933 F.2d 724
 19 Fed.R.Serv.3d 1021
 LAKE AT LAS VEGAS INVESTORS GROUP, INC., Plaintiff-Appellant,
v.
PACIFIC MALIBU DEVELOPMENT CORP., et al., Defendants,
Transcontinental Corp., Transneva Corp., and Transneva
Limited Partnership, Defendants-Appellees.
 No. 89-16496.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 4, 1991.
Decided May 13, 1991.
As Amended on Denial of Rehearing
and Rehearing En Banc Aug. 23, 1991.
 
 Bruce W. Kauffman (argued), Carl H. Hanzelik and Richard E. Stabinski, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., and Barry L. Lieberman, Dickerson, Dickerson, Lieberman & Consul, Las Vegas, Nev., for plaintiff-appellant.
 Rodney M. Jean, Lionel, Sawyer & Collins, Las Vegas, Nev., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before TANG, FARRIS and D.W. NELSON, Circuit Judges.
 FARRIS, Circuit Judge:
 
 OVERVIEW
 
 1
 Lake at Las Vegas Investors Group, Inc. appeals the district court's dismissal of its action for interference with and breach of contract against Transcontinental Corporation, Transneva Corporation, and Transneva Limited Partnership. The dismissal was pursuant to the rule that two voluntary dismissals under Federal Rule of Civil Procedure 41(a) operate as an adjudication on the merits.
 
 JURISDICTION
 
 2
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1332(a)(1). This court has jurisdiction over the timely appeal pursuant to 28 U.S.C. Sec. 1291.
 
 ISSUES
 
 3
 (1) Whether the district court erred in granting Transcontinental's motion to dismiss pursuant to the two dismissal exception of Rule 41(a).
 
 
 4
 (a) Because Nev.Rev.Stat. Sec. 80.210(1) rendered Investors's first complaint a nullity.
 
 
 5
 (b) Because Investors's first dismissal was not "voluntary."
 
 
 6
 (c) Because neither dismissal was for the purpose of harassing Transcontinental.
 
 
 7
 (d) Because Investors's second dismissal was not a dismissal of an "action" within the meaning of Rule 41 since only one defendant was dismissed.
 
 
 8
 (2) Whether the district court erred in dismissing Transneva Corp. and Transneva Limited Partnership because Investors had not previously dismissed any complaint against them.
 
 
 9
 (3) Whether the district court's failure to allow oral argument pursuant to a local rule was prejudicial to Investors.
 
 STANDARD OF REVIEW
 
 10
 A district court's dismissal on res judicata grounds is subject to de novo review. Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988).
 
 FACTS
 
 11
 On October 9, 1987, Investors filed its first complaint against Pacific Malibu Development Corporation, Barry Silverton, and Transcontinental Corporation alleging that Transcontinental had interfered with and induced the breach of an agreement between Investors and Pacific Malibu and Silverton. On October 15, Investors filed a notice of voluntary dismissal of this complaint pursuant to Nevada Rule of Civil Procedure 41(a)(1) and refiled the same complaint immediately thereafter. Pacific Malibu removed to federal court on diversity grounds.
 
 
 12
 On November 10, 1987, Investors filed a voluntary dismissal of all claims against Transcontinental pursuant to Federal Rule of Civil Procedure 41(a)(1). It also moved to amend its complaint against Pacific Malibu and Silverton. On April 4, 1988, Investors moved for leave to add as parties Transcontinental, Transneva Corporation (a wholly owned subsidiary of Transcontinental), Transneva Limited Partnership (in which Transneva Corporation is a general partner), and Lake at Las Vegas Joint Venture.
 
 
 13
 On October 28, 1988, the district court granted Transcontinental's motion to dismiss Transcontinental and the two
 
 
 14
 Transneva entities pursuant to the two dismissal rule of Rule 41(a)(1) and denied Investors's motion for oral argument. Investors's motion for reconsideration was denied.
 
 DISCUSSION
 I. Applicability of Rule 41(a)
 Rule 41(a) provides that:
 Rule 41. Dismissal of Actions
 
 15
 (a) Voluntary Dismissal: Effect Thereof
 
 
 16
 (1) By Plaintiff; by Stipulation.... [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 
 
 17
 Fed.R.Civ.P. 41(a). Investors offers several arguments in support of its contention that its two dismissals do not bring it within the operation of the Rule.
 
 
 18
 A. Whether Filing in State Court Commenced an "Action"
 
 
 19
 Nevada Revised Statute Sec. 80.210(1) provides that foreign corporations "shall not be allowed to commence, maintain, or defend any action or proceeding in any court of the state" until registered to do business in Nevada. Investors argues that because it was not registered when it filed its first state court complaint, the complaint did not commence an action within the meaning of Rule 41(a), but rather was a "nullity" by operation of section 80.210(1). Therefore, it argues, its motion to dismiss under Rule 41(a) was not a voluntary dismissal of an action since an action never existed.
 
 
 20
 Nevada law does not provide a clear answer to this ingenious argument. Compare League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 93 Nev. 270, 275, 563 P.2d 582, 585 (1977) (complaint filed by unregistered corporation is subject to dismissal even if the corporation later complies with 80.210(1) and does not toll statute of limitations) and Bader Enterprises, Inc. v. Olsen, 98 Nev. 381, 383, 649 P.2d 1369, 1370 (1982) (using the term "jurisdiction" when discussing section 80.210(1)) with Harmon v. Telerent Leasing Corp., 93 Nev. 186, 187, 561 P.2d 1340, 1341 (1977) (referring to 80.210(1) as an affirmative defense) and Marshall Earth Resources, Inc. v. Parks, 99 Nev. 251, 252, 661 P.2d 875, 876 (1983) (plaintiff who sues an unregistered foreign corporation waives the issue of registration). Lack of capacity to sue is an affirmative defense in other contexts, see Shaw v. Stutchman, 105 Nev. 128, 771 P.2d 156, 159 (1989), and an "action" is deemed commenced by the filing of a complaint under Nevada Rule of Civil Procedure 3. We reject Investors's argument. We hold that although the complaint may have been subject to dismissal, Investors commenced an "action" that could be and was voluntarily dismissed under Rule 41(a).
 
 B. Voluntariness of First Dismissal
 
 21
 Investors next argues that, even if it did commence an "action" within the Rule, its first dismissal was not "voluntary." It bases this argument on the fact that its action would have been subject to dismissal under Nevada Revised Statute Sec. 80.210(1). It urges us to hold that voluntary dismissal of a complaint subject to dismissal is no different than having the complaint dismissed by an order of the court.
 
 
 22
 In Randall v. Merrill Lynch, 820 F.2d 1317 (D.C.Cir.1987), cert. denied, 484 U.S. 1027, 108 S.Ct. 753, 98 L.Ed.2d 765 (1988), the D.C. Circuit explained:
 
 
 23
 The term "voluntary" in Rule 41 means that the party is filing the dismissal without being compelled by another party or the court. In other words, it does not mean that other circumstances might not have compelled the dismissal or that the party desired it.
 
 
 24
 Id. at 1321. We find the D.C. Circuit's reasoning sound. Rule 41 distinguishes between voluntary, or section (a), dismissals and involuntary, or section (b), dismissals on the basis of which party initiates the dismissal. And, while it delineates the bases upon which the defendant may seek an involuntary dismissal, it does not consider the plaintiff's reasons for seeking a voluntary dismissal.
 
 
 25
 Further, there were alternatives to filing for voluntary dismissal. If Investors had allowed the defendants to move for a dismissal, it would have been without prejudice under Nevada law if Investors had complied with section 80.210 before the dismissal and the statute of limitations had not run. See Atlantic Commercial Dev. Corp. v. Boyles, 103 Nev. 35, 37, 732 P.2d 1360, 1362 (1987). In addition, Investors could have registered and then filed a motion with the court to have its case voluntarily dismissed pursuant to Rule 41(a)(2). See Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co., 826 F.2d 637, 640 (7th Cir.1987), cert. denied, 485 U.S. 961, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988).
 
 
 26
 The Nevada Supreme Court's interpretation of voluntariness in Hiles Co. v. Johnston Pump Co., 93 Nev. 73, 77, 560 P.2d 154, 156 (1977), does not control. Hiles involved a statutory savings clause that allowed certain U.C.C. actions to be recommenced within six months unless the prior dismissal was due to "voluntary discontinuance" or failure to prosecute. The Nevada court found that the plaintiff's stipulated dismissal without prejudice was not a "voluntary discontinuance" because the plaintiff was motivated by its failure to name the proper party defendant. We decline to apply that analysis in the different context of Rule 41.
 
 
 27
 C. Whether Rule 41(a)'s Two Dismissal Exception Requires Actual Intent to Harass
 
 
 28
 Investors also argues that the two dismissal exception should not be applied if the dismissals were not for the purpose of harassing or abusing the defendants. The Rule does not require an inquiry into the circumstances of the two dismissals. However, a few cases have suggested that, in certain limited circumstances, the Rule will not be literally applied. In Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery, 534 F.2d 1012, 1017-18 (2d Cir.1976), the Second Circuit held that the two dismissal bar of Rule 41(a) does not apply where one of the prior voluntary dismissals was by stipulation knowingly consented to by all parties. The court acknowledged that Rule 41(a) does not distinguish between unilateral and stipulated voluntary dismissals, but held that a stipulated voluntary dismissal posed little danger of harassment and therefore should not bar an otherwise proper suit. Id. at 1017. The court observed that the defendant could have declined to agree to the dismissal or could have insisted that it be with prejudice. Id. This holding, when followed, has been limited to its facts and does not preclude application of the bar where the voluntary dismissal is unilateral. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Randall, 110 F.R.D. 499, 500 (E.D.Cal.1986); but see Island Stevedoring, Inc. v. Barge CCBI, 129 F.R.D. 430, 432 (D.P.R.1990).
 
 
 29
 Sutton Place Dev. Co., 826 F.2d at 640-41, also cited by Investors, held that a dismissal by motion (i.e., a dismissal falling outside of the language of Rule 41(a)(1)) would not be considered for purposes of the two dismissal bar, because to do so would expand the exception to the rule that voluntary dismissals are without prejudice. Sutton Place limits an expansion of Rule 41(a)(1), but it hardly suggests that dismissals which fall squarely within the language of the Rule should be read out of it via an intent inquiry.
 
 
 30
 D. Whether a Dismissal Must be of All Defendants
 
 
 31
 Investors contends that under Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.1953), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383, its second dismissal was not a dismissal for Rule 41(a)(1) purposes because it dismissed only Transcontinental, and dismissal of an "action" occurs only when all defendants are dismissed.
 
 
 32
 Rule 41(a) may be invoked to dismiss less than all of the parties. See, e.g., Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 n. 4 (2d Cir.1985) (noting that Harvey Aluminum, 203 F.2d 105, is against the weight of authority); Oswalt v. Scripto, Inc., 616 F.2d 191, 194-95 (5th Cir.1980); 5 J.W. Moore, J.D. Lucas, & T.S. Currier, Moore's Federal Practice Sec. 41.06-1, at 41-84 to 41-89 (2d ed. 1988). We need not decide whether a Rule 41(a)(1) dismissal of less than all parties should be sufficient in every instance to trigger the two dismissal bar. We hold only that upon these facts, the Rule applies.
 
 II. Applicability of Dismissal to
 Transneva Entities
 
 33
 Investors argues that even if the dismissal of Transcontinental was proper under the two dismissal bar, Transneva Corporation and Transneva Limited Partnership were never dismissed and therefore can not claim the benefit of the bar. The question is what relationship, if any, is required between the party twice dismissed and a party seeking to enforce the bar against the plaintiff.
 
 
 34
 Investors argues that Rule 41(a)(1) requires privity. We recognize that Manning v. South Carolina Dept. of Highway & Public Transp., 914 F.2d 44, 48 (4th Cir.1990), invoked privity in its analysis, but find the argument for a strict privity requirement inapplicable here. We agree with Investors that the weight of authority requires at least a relationship between the dismissed party and the party seeking to claim the benefit of the bar. See, e.g., 9 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2368, at 190 (1971 & Supp.1990) (unrelated parties should not be allowed to claim the benefit of Rule). The case relied upon by the Transneva defendants, City of Raleigh v. College Campus Apartments, 94 N.C.App. 280, 284-85, 380 S.E.2d 163, 166 (1989) (interpreting state rule identical to Rule 41(a)(1)), aff'd, 326 N.C. 360, 388 S.E.2d 768 (1990), is not to the contrary. While the court stated that no "same defendant" requirement should be read into the Rule, it also recognized that, as a factual matter, the defendant seeking to enforce the bar was "substantially the same" as the defendant dismissed; he was the sole shareholder and registered agent of the dismissed corporate defendant and had been named in the second dismissed action.
 
 
 35
 The relationship between Transcontinental and the two Transneva defendants is sufficient to render them "substantially the same" for purposes of Rule 41(a)(1). As in City of Raleigh, the plaintiff named the wrong, but closely related, entity. We need not define the precise parameters of the applicable test. We hold only that the wholly-owned subsidiary and partnership in which that subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent and claim Rule 41(a)(1) res judicata. Investors's error is typical of the type of error motivating voluntary dismissals under Rule 41(a)(1). As a practical matter, the danger of harassment to the parent continued when the closely related
 
 
 36
 Transneva entities were sued.
 
 III. Oral Argument
 
 37
 Investors argues that the district court's failure to grant its request for oral argument requires reversal.
 
 
 38
 District of Nevada Local Rule 140 subd. 9 requires the court to grant requests for oral argument on motions for summary judgment made by a party opposing summary judgment unless the summary judgment motion is denied. Houston v. Bryan, 725 F.2d 516, 518 (9th Cir.1984), held that a violation of this rule is reversible error only if the violation is prejudicial. Investors argues that because the district court evidenced some uncertainty about whether Investors's motives for dismissing were relevant, denial of oral argument was prejudicial. See Jasinski v. Showboat Operating Co., 644 F.2d 1277, 1280-81 (9th Cir.1981). Since intent is not relevant to the Rule's application, the district court's alleged uncertainty was not pivotal.
 
 
 39
 The district court did not address Investors's privity concerns, but it permitted briefing on the question in Investors's motion to reconsider. Investors had the opportunity to apprise the district court of any arguments it believed supported its position that the Transneva entities should not be dismissed. When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice since any error can be rectified by an appeal of the summary judgment. Bratt v. International Business Mach. Corp., 785 F.2d 352, 363 (1st Cir.1986).
 
 
 40
 AFFIRMED.