967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nigel L. KEIFFER; Cheryl D. Keiffer, husband and wife,
Plaintiffs-Appellants,
v.
George PERNSTEINER, a marital community; Tracy Phelan, a
marital community; Linda Franklin, a marital community;
Norma Miller, a marital community, et al.; International
Federation of Professional and Technical Engineers, Local 17
AFL-CIO; City of Seattle, a municipal corporation,
Defendants-Appellees.
 No. 91-35501.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nigel L. Keiffer, a former employee of the City of Seattle, sued his employer, his union (the International Federation of Professional and Technical Engineers Local 17 (AFL-CIO)) and several individuals. He asserted a variety of claims arising from his dismissal from his job as a city employee. All defendants moved for summary judgment.
 
 
 3
 Rule 56(c) provides that the "judgment sought shall be rendered forthwith if ... there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment was a matter of law." Rule 56(e) provides:
 
 
 4
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse does not respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 5
 According to the Order Granting Summary Judgment, the pro se plaintiff in this case was advised in open court of the importance of complying with these rules. He was also granted additional time to respond to the motions for summary judgment. Nevertheless, the district court determined that the plaintiff failed to submit anything that sets forth "specific facts showing that there is a genuine issue for trial."
 
 
 6
 Relying on Rule 56, the district court granted summary judgment to the defendants and dismissed the action with prejudice. We review a summary judgment de novo to determine whether the district court was correct in ruling that there are no genuine issues of material fact. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). In doing so, we view the evidence in the light most favorable to plaintiff as the non-moving party. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255-56 (1986). However, to defeat the defendants' motion for summary judgment, plaintiff must refute defendants' version of events by presenting "any significant probative evidence" tending to support the allegations of his complaint. See id. at 249. A genuine issue of material fact exists if, based on the evidence presented in the summary judgment proceedings, a jury could reasonably find for either the plaintiff or the defendant. Id.
 
 
 7
 Because plaintiff relied on mere allegations and failed to present any evidence to support the allegations of his complaint, we hold that district court did not err in granting summary judgment to the defendants. There simply was no evidence in the record before the district court to support a judgment for plaintiff.
 
 
 8
 Plaintiff also claims that the district court committed reversible error when it did not hear oral argument on the summary judgment motion. Plaintiff contends that he was deprived of his "opportunity to be heard" and denied due process of the law. Because plaintiff did not raise this issue before the district court, we deem it waived. See United States v. Hayden, 860 F.2d 1483, 1485 (9th Cir.1988) ("As a general matter, a party must raise an objection initially to the trial court to preserve it for appeal."). In any case, in Dredge Corp. v. Penny, 338 F.2d 456 (9th Cir.1964), we held that "a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived." Id. at 462. Here, the district court docket indicates no request for oral argument until ten days after the district court granted the defendants' motion for summary judgment. Accordingly, we deem oral argument to have been waived.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if plaintiff had requested oral argument, the district court's denial of that request would not have constituted reversible error so long as the denial of oral argument was not prejudicial. See Lake At Las Vegas Investors Group, Inc. v. Pacific Malibu Development, Corp., 933 F.2d 724, 728 (9th Cir.1991), cert. denied, 112 S.Ct. 1295 (1992). "When a party has as adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice since any error can be rectified by an appeal of the summary judgment." Id. at 729. Here, plaintiff had an adequate opportunity to present evidence