78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LAKE AT LAS VEGAS INVESTORS GROUP, INC., Plaintiff-Appellant,
v.
PACIFIC MALIBU DEVELOPMENT CORP., et al., Defendants,
Botaba Realty Company, BSF Partners, Sid R. Bass, Robert M.
Bass, and Lee M. Bass, Defendants-Appellees.
 No. 94-16054.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Feb. 23, 1996.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc April 9, 1996.
 
 1
 Before: WALLACE, Chief Judge, and LEAVY, Circuit Judges, and BAIRD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Lake at Las Vegas Investors Group, Inc. ("Investors") appeals the district court's dismissal of five defendants. The district court based its dismissal on the res judicata bar pursuant to the rule that two voluntary dismissals under Rule 41(a)(1)(i) operate as an adjudication on the merits. We affirm.
 
 
 4
 Appellant challenges our prior holding in Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724 (9th Cir.1991) cert. denied, 503 U.S. 920 (1992) (hereinafter Lake at Las Vegas I ). "It is well established, however, that a panel not sitting en banc may not overturn Ninth Circuit precedent." United v. Garza, 980 F.2d 546 (9th Cir.1992).
 
 
 5
 Lake at Las Vegas I addressed the question, "what relationship, if any, is required between the party twice dismissed and a party seeking to enforce the Rule 41(a)(1) bar against the plaintiff." Lake at Las Vegas, 933 F.2d at 728. The court held that if the relationship between the dismissed defendants and the new defendants is sufficient to render them "substantially the same," the new defendants may also assert the Rule 41 bar. Id. The Court found that a wholly-owned subsidiary and a partnership in which that subsidiary was the general partner were substantially the same as and could invoke the two dismissals of the subsidiary's parent and claim Rule 41(a)(1) res judicata. Id.
 
 
 6
 In the instant appeal, the named party originally dismissed twice under Rule 41 was Transcontinental Corporation ("Transcontinental") acting in its capacity as general partner of Botaba Realty ("Botaba"). The five defendants dismissed by the district court in this action were Botaba, BSF Partners, Sid R. Bass, Robert M. Bass, and Lee M. Bass ("Bass brothers"). The Fourth Amended Complaint states a cause of action against Defendants BSF Partners and the Bass brothers only to the extent that they may be jointly and severally liable as general partners of Botaba. Therefore, the analysis need only focus on Botaba.
 
 
 7
 Investors brings the same claims of tortious interference with contractual relations against Botaba as it did against Transcontinental in its earlier complaints. The question is whether Botaba can enforce the Rule 41 bar against Investors. Therefore, the standard set in Lake at Las Vegas I applies.
 
 
 8
 Appellant argues that even if the standard "substantially the same" applies, Botaba does not meet it because Botaba was not a limited partnership at the time of the alleged wrongdoing. Appellant Investors is correct that Botaba should be considered a general partnership for the present review; not a limited partnership.[1] However, this distinction does not change the conclusion that Botaba is substantially the same as Transcontinental for purposes of the Rule 41 bar.
 
 
 9
 Botaba was a general partnership whose partners included Transcontinental and BSF Partners. Botaba's liability is premised upon its allegedly wrongful act as a partnership conducted through its general partner Transcontinental. Transcontinental was a general partner against which previous complaints in this case were twice filed and dismissed.
 
 
 10
 Under Nevada law a partnership is liable for a partner's wrongful act committed in the ordinary course of the business of the partnership or with the authority of his copartners. Nev.Revised Stat. § 87.130 (1991).
 
 
 11
 "[A] judgment in an action by an injured person against a partner upon an obligation or liability incurred in the course of partnership business, ... if against the injured person, terminates his claim against another partner based upon that obligation." Restatement (Second) of Judgments § 60(1)(a) (1982) (emphasis added). "It is now universally recognized that a third person who suffers adverse judgment in an action against one partner on a partnership obligation is barred from bringing an action against other partners on the claim." Id. at Reporter's Note p. 116.
 
 
 12
 Investors suffered an adverse judgment in its action against Transcontinental for its conduct in transacting business as a general partner of Botaba. The dismissed parties are the partnership and other partners. We conclude on these facts that the dismissed parties meet the "substantially the same" standard for application of the Rule 41(a) bar by related entities.
 
 AFFIRMED
 
 
 *
 The Honorable Lourdes G. Baird, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Botaba was formed in 1981 as a general partnership. The two prior dismissals of Transcontinental occurred in 1987. These dismissals represent the judgment that provides the basis for the res judicata defense. The time of the prior judgment is the point at which the relationship of the parties should be examined. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir.1993). Therefore, at the relevant time, 1987, Botaba was a general partnership