116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. SONSTEN, Plaintiff-Appellant,
v.
Jose MORENO; Earl Jackson; Max Munoz; Richard Smith;
Bill Eddings; Alvaro Reynoso; Sam Dickerson,
Defendants-Appellees.
 No. 96-16822.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-01941-MHP; Marilyn H. Patel, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert W. Sonsten appeals pro se the district court's summary judgment for Jose Moreno and other officers and members of Laborers Union Local No. 304 ("Union") in Sonsten's action, alleging violations of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), as amended, 29 U.S.C. §§ 401-531. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Sonsten filed this action, pursuant to Title V of the LMRDA,[1] prior to a union election in which Moreno defeated him for the office of Business Manager. He alleged that defendants breached their fiduciary duty and violated the LMRDA by denying him access to membership lists, setting union officers' salaries, selecting election judges, nominating candidates, and combining union offices. He further claimed that the LMRDA, as applied, violates the First Amendment. The district court granted summary judgment to defendants on all claims.
 
 
 4
 For the reasons stated in the district court's order filed August 14, 1996, we affirm.[2]
 
 
 5
 To the extent Sonsten contends that the district court erred by granting sumary judgment without a hearing, his contention lacks merit. While a district court should not grant summary judgment motions without a hearing if the nonmoving party requests oral argument, failure to conduct a hearing is reversible error only if there is a showing of prejudice. See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 728-29 (9th Cir.1991). Because Sonsten never requested oral argument, even after the district court made it clear that it intended to proceed without a hearing, the district court thoroughly considered Sonsten's contentions, and Sonsten failed to show prejudice, the district court did not err by granting summary judgment without a hearing. See id.
 
 
 6
 Appellees have moved for costs and sanctions under 28 U.S.C. § 1927, contending that Sonsten frivolously appealed the district court's refusal to sanction defendants. While this court has discretion to impose sanctions for bringing a frivolous appeal, even where a litigant is pro se, see Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992) (per curiam), we do not impose sanctions lightly since an appeal that lacks merit is not always frivolous, see Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). Although Sonsten's arguments are clearly without merit, we decline to award costs and sanctions.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that although Title V, and 501 in particular, has been interpreted "to apply to fiduciary responsibilities of union officials, agents, and representatives, in any area of their authority. [This] does not mean that courts have power to intervene in intra-union affairs at slight provocation or on any invitation. Rather ... judicial interference should be undertaken only with great reluctance." Stelling v. International Brotherhood of Elec. Workers Local Union No. 1547, 587 F.2d 1379, 1387 (9th Cir.1978) (citation omitted) (noting that an allegation that union officials denied membership the right to vote was sufficient assertion of a breach of trust to invoke 501 jurisdiction)
 
 
 [2]
 Contrary to Sonsten's contention, the district court's summary judgment is not barred by res judicata. Judge Legge's prior decision merely granted Sonsten's application to proceed in litigation pursuant to the good-cause requirement of 29 U.S.C. 501(b). See Fed.R.Civ.P. 54(b); Horner v. Ferron, 362 F.2d 224, 229-30 (9th Cir.1966)