164 P.3d 500 (2007)
FEATURE REALTY, INC. a Nevada corporation; Mission Springs, Inc., a Washington corporation, now d/b/a Canyon Construction Nw, Inc.; Jack Krystal, as trustee of the KM Family Trust; and Russell V. Lugli, individually and as co-trustee of the Lugli Family Trust, the Nikki Trust, and the Alpha Trust, Appellants,
v.
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS, LLP; Jerry R. Neal and Jane Doe Neal, his wife, and the marital community comprised thereof, Respondents.
No. 79967-9.
Supreme Court of Washington, En Banc.
Argued June 12, 2007.
Decided August 9, 2007.
*501 Robert B. Gould, Brian J. Waid, Law Office of Robert B. Gould, Seattle, WA, for Appellants.
Stephen John Sirianni, Sirianni Youtz Meier & Spoonemore, Seattle, WA, for Respondents.
BRIDGE, J.
¶ 1 In 2003, Feature Realty and others (collectively, Feature) sued attorneys Terrence Butler, Jerry Neal, and the law firm of Preston Gates Ellis (Preston) for malpractice.[1] Although the cause of action arose from representation that the attorneys provided for Feature in Spokane, Washington, Feature filed the complaint in Los Angeles County, California. In response, Neal brought a motion to quash service for lack of personal jurisdiction, and Preston brought a motion for an indefinite stay due to forum non conveniens. The California court granted both motions but rather than dismissing the case, gave Feature time to refile in Washington. At the subsequent case conference in California six months later, the court learned that Feature had not yet filed in Washington and that it was considering continuing to pursue Butler in California while filing against the other defendants in Washington. The California court stated that if Feature did so and if Butler brought a motion for sanctions, it would be granted. The court indicated that it would like to have a dismissal of the case. Feature subsequently filed the case in King County, and then filed a request for dismissal in California. It then voluntarily dismissed the first King County complaint and refiled with new counsel. The defendants moved to have the case transferred to Spokane County. After that motion was granted they moved for summary judgment, alleging that by twice voluntarily dismissing the case, Feature could no longer proceed against them. We must now decide whether the dismissal in the California court was unilateral and voluntary for purposes of Washington's two-dismissal rule, CR 41(a)(4).[2]

I

Facts and Procedural History
¶ 2 In 1991, Feature retained Neal, a partner at Preston, to assist it with zoning issues *502 for a proposed development in the city of Spokane (City). In 1995, Feature filed a lawsuit against the City, alleging that it improperly delayed a permit request. Neal did not represent Feature in that lawsuit. The following year, the trial court dismissed the lawsuit on summary judgment. In 1998, this court reinstated the lawsuit, Mission Springs, Inc. v. City of Spokane, 134 Wash.2d 947, 972, 954 P.2d 250 (1998), and Feature retained Neal and California attorney Butler to represent it in the subsequent litigation. Later that year Feature and the City entered into a settlement agreement. However, because the city council had not approved the settlement in an open, public meeting as required by Washington's Open Public Meetings Act (Act), chapter 42.30 RCW, the City reneged on the agreement. Both the United States District Court for the Eastern District of Washington and the Ninth Circuit Court of Appeals declared the settlement void, as it did not comply with the Act. Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir.2003).
¶ 3 In 2002, Feature sued Neal, Butler, and Preston in Los Angeles County, California superior court alleging malpractice. Preston moved to stay the complaint based on forum non conveniens, and Neal moved to quash the service of summons for lack of personal jurisdiction. On January 14, 2003, the California court granted both motions, but rather than dismissing the case outright, continued the proceedings for six months to allow Feature time to file the action in Washington. At the time of the subsequent case conference in California on July 14, 2003, Feature had not yet refiled. Because Feature stated that its filing in Washington was imminent, the court asked Feature why it could not just dismiss the case right then:
The Court: . . . What is the prejudice if I dismiss the case today?
Ms. Kapetanakos: Well, Your Honor, we have  there is  we have an action filed against Mr. Butler, so we'd like to hold off on that before we file suit in Washington State.
The Court: I don't understand. Are you saying you want to pursue Butler here and everybody else in Washington?
Ms. Kapetanakos: Well, possibly, Your Honor.
. . . .
The Court: Mr. Butler, if they do that and you move to dismiss, are you going to bring a motion for sanctions?
Mr. Butler: Yes.
The Court: It will be granted.
Clerk's Papers (CP) at 832-33. The court continued the case until July 29, but stated that "[w]hat I would really like is to have the request for dismissal in the mail  not even in the mail  in my file and no appearances on the 29th. Why don't we see if we can effectuate that." CP at 837.
¶ 4 On July 24, 2003, Feature filed a complaint against Neal, Butler, and Preston in King County. On July 28, 2003, it then filed a "request for dismissal" of the complaint against Butler and Preston-but not Neal-in the California court. CP at 840. The court clerk signed the request, thereby dismissing the action. But having failed to timely serve the defendants with the King County complaint, Feature dismissed the King County case on February 23, 2004, and on March 2, 2004, filed a new complaint in King County with new counsel. The defendants moved to have the case transferred to Spokane County, and that motion was granted. Defendants then moved for summary judgment, arguing that the second dismissal of the case constituted an adjudication on the merits per CR 41(a)(4) and that the statute of limitations had run before the case was filed. The trial court found the statute of limitations had run in regard to Butler but that there was still an issue of material fact as to whether the statute of limitations related to Neal or Preston, due to the continuous representation rule. Then the court granted defendants' motion for summary judgment and dismissed the case based on CR 41(a)(4). On May 24, 2006, Feature filed a notice of appeal in the Court of Appeals, and we subsequently transferred the case to this court for direct review.

II

Analysis

CR 41
¶ 5 CR 41(a) governs voluntary dismissals. In discussing the effect of a voluntary dismissal, CR 41(a)(4) explains that

*503 [u]nless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.
(Emphasis added.) In Spokane County v. Specialty Auto & Truck Painting, Inc., 153 Wash.2d 238, 103 P.3d 792 (2004), we were asked to determine the extent of this "two-dismissal" rule. In that case, Spokane County sued Specialty Auto for over billing. Because the county's governing board did not authorize the lawsuit, the county filed a second, authorized action. Specialty Auto moved to clarify the duplicate complaints. After discussions between the parties, Spokane County agreed to dismiss the first complaint; however, the parties never entered a formal stipulation. The superior court entered ex parte Spokane County's order to dismiss the first action, pursuant to CR 41(a). Two months later Specialty Auto filed a tort claim against Spokane County. In order to coordinate the actions, but without discussing it with Specialty Auto, Spokane County voluntarily dismissed its second complaint and then filed its third complaint against Specialty Auto. Specialty Auto filed a motion to dismiss based on CR 41(a)(4), but the trial court denied the motion, finding that the rule did not apply. See id. at 242-43, 103 P.3d 792.
¶ 6 In construing the rule, we pointed out that we must interpret court rules in a manner "`that advances the underlying purpose of the rules, which is to reach a just determination in every action.'" Id. at 245, 103 P.3d 792 (quoting Burnet v. Spokane Ambulance, 131 Wash.2d 484, 498, 933 P.2d 1036 (1997)). We found that the purpose of the two-dismissal rule is to "prevent the abuse and harassment of a defendant and the unfair use of dismissal." Id. However, we expressly held that "the plain language of the `two dismissal' rule of CR 41(a)(4) does not allow for court discretion" and that the rule "operates as a nondiscretionary adjudication upon the merits when the dismissals at issue are unilaterally obtained by the plaintiff." Id. at 246, 103 P.3d 792 (emphasis added). We found that we could fulfill the purpose of the rule while following its plain language by narrowly construing CR 41(a)(4) to apply only to dismissals that the plaintiff voluntarily and unilaterally obtained. See id. at 245, 103 P.3d 792. We therefore "reject[ed] Spokane County's request that we . . . attempt to determine the intent of the parties," id. at 247, 103 P.3d 792, and established a bright line rule that any unilateral dismissal by a plaintiff falls within the parameters of CR 41(a)(4). See id. at 246, 103 P.3d 792. Conversely, we found that where a defendant stipulated to the dismissal or the dismissal was by court order, then the dismissal was not unilateral and the rule did not apply. See id. at 248, 103 P.3d 792.
¶ 7 Feature agrees that Specialty Auto created a bright line rule but argues that the dismissal here was neither voluntary nor unilateral because Feature dismissed the case only after the trial court ruled that it had no personal jurisdiction over Neal and stayed the case against Preston indefinitely based on the doctrine of forum non conveniens. See Appellant's Reply Br. at 9-10. Feature argues that it would be in line with Specialty Auto to look at the objective evidence of its reasons for obtaining the dismissal. Id. at 10. Yet in Specialty Auto we did not delineate between subjective and objective intent. We stated that CR 41 is "self-executing." 153 Wash.2d at 246, 103 P.3d 792. Facially, the "request for dismissal" Feature filed in California indicates that it was a unilateral, voluntary act. CP at 840. There was no stipulation between the parties, and Feature, acting ex parte, requested that the clerk enter the order. Id. Looking beyond the face of this document would require us to look into Feature's intent, a proposition we expressly rejected in Specialty Auto. See 153 Wash.2d at 247, 103 P.3d 792.
¶ 8 Feature cites numerous cases from other jurisdictions, arguing that they establish that the two-dismissal rule does not apply when "the plaintiff merely acquiesces in the defendants' demands." Appellant's Opening Br. at 21. However, in most of the cases cited at least one of the dismissals was by court order, and thus they are not analogous *504 to the situation here. See Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co., 826 F.2d 637, 640 (7th Cir.1987) (second dismissal by court order); Hughes Supply, Inc. v. Friendly City Elec. Fixture Co., 338 F.2d 329, 330 (5th Cir.1964) (first dismissal by court order); Dee-K Enters., Inc. v. Heveafil Sdn. Bhd., 177 F.R.D. 351, 355 (E.D.Va.1998) (first dismissal by court order). In the other case cited, Randall v. Merrill Lynch, 261 U.S.App. D.C. 138, 820 F.2d 1317, 1319-20 (1987), the plaintiffs successfully moved for the court to vacate one of the orders of dismissal.[3] Such is not the case here.
¶ 9 Feature again turns to other jurisdictions for the proposition that where the defendant consents to the dismissal the two-dismissal rule does not apply, and argues that defendants' motions for an indefinite stay and to quash service of summons indicate their consent to (if not an outright demand for) termination of the California case. See Appellant's Opening Br. at 31-34. Again, however, the cases cited involved either a stipulation or court order, and thus are not analogous. See ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1267 (11th Cir.1999) (first dismissal by court order); Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery, 534 F.2d 1012, 1017 (2d Cir.1976) (first dismissal by stipulation); Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17, 20 (D.Conn.1998) (first dismissals by court order); Island Stevedoring, Inc. v. Barge, CCBI, 129 F.R.D. 430, 432 (D.P.R.1990) (second dismissal by court order).
¶ 10 Our holding in Specialty Auto is in line with our own circuit's interpretation of the two-dismissal rule. In Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724 (9th Cir. 1991), the Ninth Circuit considered whether the two-dismissal rule applied where the complaint was subject to dismissal under Nevada law, but the plaintiff voluntarily dismissed the action. In that case, the plaintiffs argued that "voluntary dismissal of a complaint subject to dismissal is no different than having the complaint dismissed by an order of the court." Id. at 726. The court disagreed, finding that the rule "does not consider the plaintiff's reasons for seeking a voluntary dismissal" and rejecting the plaintiffs' argument that the rule should not be applied if the plaintiff was not attempting to harass or abuse the defendants. Id. at 727. The court pointed out that the plaintiffs could have waited for the defendants to move for dismissal or they could have filed a motion for dismissal under Fed.R.Civ.P. 41(a)(2), in which case the dismissal would have been without prejudice. Id.
¶ 11 Feature argues that Lake at Las Vegas can be distinguished because here, "Mr. Neal had already filed a successful motion for involuntary dismissal for lack of personal jurisdiction, and Preston Gates & Ellis had already filed a successful motion for perpetual stay." Appellant's Opening Br. at 34 (emphasis omitted). This argument misses the point. First, all parties concede that Neal was not listed in the first request for dismissal, and thus whether or not Neal's motion quashing service constituted a "motion for involuntary dismissal" is irrelevant.[4] Second, it is hard to see how Preston's successful motion for an indefinite stay compelled Feature to request a voluntary dismissal. Rather than requesting the dismissal, Feature could have left the case on an indefinite stay.
¶ 12 Feature argues, however, that the California court would have imposed sanctions if it did not dismiss the case in its entirety and that we should not construe the rule in a way that would require litigants to refuse the demands of our sister courts. Appellant's Opening Br. at 10, 16. Yet, as the excerpt from the proceedings above indicates, the California court did not threaten sanctions if Feature failed to dismiss the entire case. The threat of sanctions related to the possibility that Feature would maintain an action against Butler in California *505 while pursuing the other defendants in Washington. CP at 832-33. In fact, the California court appeared to be concerned with avoiding prejudice to Feature, as evidenced in its allowing Feature six months to refile in Washington before setting a subsequent case conference, and in expressly asking Feature what the prejudice would be if it dismissed the case at that conference. CP at 815 (explaining that it would continue the case because "[w]e need to know that you [Feature] have that available forum [in Washington], so I was thinking maybe 6 months"); CP at 832, 837 (asking Feature what the prejudice would be in dismissing the case "today," but ultimately allowing for a continuance at Feature's request). There is no indication that the court would have imposed sanctions if Feature had explained the potential prejudice it faced in filing an ex parte request for dismissal and instead sought a dismissal by court order. Butler in fact urged the court to dismiss the case at the hearing on July 14 (in which case the dismissal would not have been voluntary) but Feature objected, and the court ultimately allowed a continuance. CP at 831-32, 837. We thus find that Feature's claim that it faced sanctions if it did not file the request for dismissal is without merit.
¶ 13 In sum, Specialty Auto established that CR 41(a)(4) is nondiscretionary and applies where a plaintiff voluntarily and unilaterally obtains a dismissal. We do not inquire into the plaintiff's intent in obtaining the dismissal, and thus we look solely at the method by which the plaintiff obtained the dismissal in order to determine whether it was unilateral. Here Feature filed an ex parte request for dismissal that made no reference to any stipulation between the parties. We therefore find that the dismissal was unilateral and voluntary and that because Feature later obtained a second voluntary dismissal in the same action, the two-dismissal rule applies.

Privity
¶ 14 Because we find that the two-dismissal rule applies, we must determine whether Neal benefits from this rule even though he was not listed in the request for dismissal filed in California. CR 41 states that a second dismissal constitutes an adjudication on the merits, and thus the doctrine of res judicata prevents the plaintiff from relitigating the same claim against the same party in a subsequent action. See, e.g., Kuhlman v. Thomas, 78 Wash.App. 115, 120, 897 P.2d 365 (1995). Different defendants constitute the same party for res judicata purposes if they are in privity. Id. at 121, 897 P.2d 365. A nonparty is in privity with a party if that party adequately represented the nonparty's interest in the prior proceeding. E.g., Woodley v. Myers Capital Corp., 67 Wash.App. 328, 337, 835 P.2d 239 (1992). The Ninth Circuit has found that strict privity is not required but that where a nondismissed defendant is "substantially the same" as the party who was dismissed, the two-dismissal rule applies to that defendant. Lake at Las Vegas, 933 F.2d at 728.
¶ 15 While declining to set forth a specific test for privity, the court in Lake at Las Vegas found that where the plaintiff dismissed a corporation but not a wholly owned subsidiary of the corporation or a limited partnership in which the subsidiary was a general partner, the subsidiary and limited partnership still benefited from the rule. Id. at 728. Here Neal was a partner in Preston, and Feature alleged the same wrongdoing by both. CP at 321-27. They are "substantially the same" party. Feature argues, however, that res judicata requires that the claim could have been brought in a previous action, and that here Neal had successfully prevented Feature from bringing its claim against him in the California court. See Appellant's Opening Br. at 38. Feature appears to conflate privity with res judicata rather than addressing them separately. Because we found above that the two-dismissal rule was triggered when Feature twice dismissed its case against Preston, res judicata prevents it from filing a third claim against Preston. See CR 41(a)(4). Because we now find that Neal is in privity with Preston, Neal benefits from this claim preclusion as well, regardless of whether he was specifically dismissed twice. Cf. Lake at Las Vegas, 933 F.2d at 728 (finding that defendants who were not dismissed may still claim benefit of *506 the bar because they were in privity with the dismissed party).

Estoppel
¶ 16 Finally, Feature argues that estoppel bars Neal and Preston from claiming that the dismissal was "voluntary" because they "demanded that the California complaint be dismissed." Appellant's Opening Br. at 41. This is not true. As discussed above, Neal filed a motion to quash service for lack of personal jurisdiction. CP at 751-70. Preston filed a motion for a stay due to forum non conveniens. CP at 718-39. Neither action constitutes a "demand" for dismissal. To reiterate, when Butler requested that the court dismiss the case at the July 14 status conference, Feature objected. Feature's estoppel argument is thus without merit.

Statute of Limitations
¶ 17 Because we find that the two-dismissal rule applies and that Feature is thus barred from continuing to pursue its claim against Neal and Preston, we need not address Neal and Preston's argument that the trial court erred in denying summary judgment on the statute of limitations issue.

III

Conclusion
¶ 18 We affirm the trial court. We find that Feature twice voluntarily and unilaterally dismissed its complaint against Preston, thus barring Feature from proceeding, and that because Neal is in privity with Preston, he benefits from the bar as well. The action is dismissed.
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, BARBARA A. MADSEN, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, JJ., and KENNETH H. KATO, J. Pro Tem.
NOTES
[1] Since the time of the lawsuit, Preston merged with Kirkpatrick & Lockhart and is now known as K & L Gates. Because Feature filed this lawsuit before the merger, this opinion references "Preston."
[2] There is no dispute that the King County dismissal was voluntary.
[3] We note that here Feature had the opportunity to have the California court dismiss the case at the July 14 status conference but objected to the court doing so. See infra at page 11.
[4] We note that under California law, a motion to quash summons does not constitute a dismissal of the action. See 2 Eileen C. Moore & Michael Paul Thomas, California Civil Practice: Procedure § 10.12 (West 2000).