**Walter WHITEHEAD, Plaintiff,**

v.

**MILLER BREWING COMPANY, et al., Defendants.**

**Civ. No. 89–21–ALB/AMER(DF).**

United States District Court,
M.D. Georgia,
Albany/Americus Division.

May 23, 1989.

Chevene B. King, Jr., Albany, Ga., for plaintiff.

John M. Capron and Burton F. Dodd, Fisher & Phillips, Robert S. Giolito and Marcia Borowski, Stanford, Fagan & Giolito, Atlanta, Ga., and Jesse W. Walters, Perry, Walters & Lippitt, Albany, Ga., for defendants.

## ORDER

FITZPATRICK, District Judge.

Pending before the court are four (4) motions submitted by various parties in the above-styled case: (1) Defendant Union's Motion for an Order for Costs and a Stay of Proceedings or, in the Alternative for an Order Compelling Discovery; (2) Defendant Union's Motion for Sanctions; (3) Defendant Miller Brewing Company's Motion for Sanctions; and (4) Plaintiff's counsel's Motion for Leave to Withdraw. In order to fully appreciate the controversies in this action, the court must first examine the case's procedural history. Only then can an educated decision be made on these Motions.

Plaintiff filed the present action on February 2, 1989, under the provisions of the Civil Rights Act of 1966, 42 U.S.C. § 1981. However, the allegations in this case are practically identical to the claims of a prior action filed in this court on July 5, 1988, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq., Walter Whitehead v. Machinist Union Local 2699*, Civil Action No. 88–124–ALB–AMER(DF) (Whitehead I). The primary differences between Whitehead I and the present action (Whitehead II) are the statutory bases for the suits and the addition of Miller Brewing Company (Miller) as a Party–Defendant in Whitehead II. There are no factual distinctions between these cases.

During the discovery period of Whitehead I, Defendant Union noticed Plaintiff Whitehead's deposition and propounded in-

terrogatories along with a request for the production of documents on October 17, 1988. Despite various attempts by Defendant Union's counsel to procure the requested discovery from Plaintiff's counsel, the interrogatories and requests were not answered prior to the scheduled deposition of November 30, 1988. In an attempt to obtain the requested material through the aid of the court, Defendant Union filed a Motion to Compel. The court held a hearing on Defendant's Motion on January 5, 1989, at which time the court ordered Plaintiff's counsel to respond to the discovery requests within ten (10) days. Instead of complying with the court's order, Plaintiff voluntarily dismissed his action without prejudice, at which time the Union withdrew its Motion for Contempt.

■ Approximately one week after Whitehead I was dismissed, Plaintiff filed Whitehead II in Dougherty County Superior Court. Defendants removed that action to this court on February 23, 1989. Shortly thereafter Defendant Union filed its motion for costs and a stay or, in the alternative, to compel discovery pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. The discovery sought by Defendant Union is identical to that in Whitehead I. At a hearing on the Motion on April 14, 1989, Plaintiff's counsel conceded that the Union was entitled to costs for duplicative expenditures in Whitehead II under Rule 41(d); and *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir.1986), *aff'd after remand*, 789 F.2d 1539 (11th Cir.1986). Since there is apparently no real issue regarding Defendant Union's entitlement to the requested discovery and reasonable costs and attorneys' fees, the only questions for the court to address as to this Motion are the amount to be awarded and the manner in which this discovery should be accomplished.

Rule 41 of the Federal Rules of Civil Procedure provides in pertinent part:

> (d) Costs of Previously Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed.R.Civ.P. 41(d). Having carefully reviewed Defendant Union's statement regarding costs and attorneys' fees, the court finds that it will award attorneys' fees for that time spent on the previous action as set forth below at the rate of $70.00 per hour along with the requested costs.

| 1988 | | HOURS |
|---|---|---|
| 8/11 | Telephone call | .25 |
| 8/15 | Reviewing pleadings, documents | 1.50 |
| 8/18 | Drafted Answer, telephone call | 2.25 |
| 8/22 | Met with client | 2.50 |
| 12/5 | Letter to Judge re discovery | .25 |
| 12/6 | Drafted Motion to Compel, brief | 5.00 |
| 12/7 | Prepared brief for Motion | 1.25 |
| 12/8 | Prepared attachment for Motion; Reviewed file | 1.25 |
| 12/20 | Called Court to schedule hearing | .25 |
| 12/30 | Preparation for hearing | 1.00 |
| **1989** | | |
| 1/5 | Preparation for hearing on Motion Travel to and from Macon | 9.00 |
| 1/17 | Preparation of Motion for Sanctions | 2.00 |
| 1/18 | Revised Brief for Sanctions | 1.50 |
| 1/19 | Telephone call, received and reviewed Motion for Voluntary Dismissal | 1.25 |
| 1/23 | Drafted and filed response | 1.00 |
| TOTAL | | 30.25 |
| at $70.00 per hour = | | $2,117.50 |
| TOTAL COSTS | | $ 229.51 |
| TOTAL AWARD | | $2,347.01 |

The next question for the court to decide is who must pay this award. At the April hearing, counsel for Plaintiff represented to the court that Plaintiff was not financially capable of paying any award. In addition, counsel admitted that a major factor in the decision to dismiss Whitehead I was counsel's heavy caseload and his inability to meet the court-imposed ten-day deadline. Apparently many of the delays and problems which have arisen in these cases have been caused by counsel's inability to maintain his caseload. As indicated at the April hearing, this court looks with much disfavor on attorneys who necessitate undue delay and expense to their clients, their opponents and the court during litigation. "[A] federal court's inherent authority to assess attorney's fees against counsel is coextensive with its inherent authority to assess fees against a party...." *Durrett*

*v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 919 (1982). A court may assess fees against counsel who "willful abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767–68, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Under the circumstances of this case, the court finds that the award of attorneys' fees and costs is to be paid by Plaintiff's counsel. With full knowledge of his client's inability to pay any award of costs and for the sole convenience of his personal schedule, Plaintiff's counsel dismissed Whitehead I and filed Whitehead II. The above-stated award must be paid by Plaintiff's present counsel of record.

■ Defendant Union also asks this court to stay Whitehead II and order that the discovery requested and ordered in Whitehead I be provided before the present action continues. The court finds that a stay pending Plaintiff's providing the requested discovery is appropriate under these circumstances.

At this point the court must discuss the Motion to Withdraw. Considering present counsel's representation that Plaintiff is fully aware of this request and that Plaintiff desires this change because of his lack of confidence in counsel, the court will GRANT this Motion. However, the court's granting of the Motion is conditioned upon counsel's payment of the award of costs and attorneys' fees previously assessed against him and counsel's assisting Plaintiff and his new attorney in providing the Whitehead I discovery material. Thus, Plaintiff's present counsel may withdraw from this case upon payment of the above-assessed award and completion of the above ordered discovery.

Finally, both defendants have moved this court for sanctions to be assessed against Plaintiff's counsel. After carefully considering these Motions and the facts and circumstances of this case, and in light of the court's previous decisions in this order, the court finds that, although sanctions may be appropriate, the court will give counsel the benefit of any doubt in this particular case.

Accordingly, the two Motions for Sanctions filed by Defendants are DENIED.

SO ORDERED.