Robert LOUBIER, David Saldibar, John B. Farnham, Joseph Raymond, V. Ginney Patterson, John A Cloud, John W. Cunningham, David Borglum, James P. Gleason, Phil Pilletere, and Michael D. Hobbs, Trustee, Plaintiffs,

v.

MODERN ACOUSTICS, INC., Commercial Interior Systems, Inc., Architectural Interior Contractors, L.L.C., Interior Facilities Constructors, L.L.C., Custom Commercial Interiors, L.L.C., and Fred Wilmot, Defendants.

No. 3:97CV01200 (GLG).

United States District Court, D. Connecticut.

Feb. 20, 1998.

*Memorandum Decision*

GOETTEL, Senior District Judge.

Defendants have moved this Court to dismiss plaintiffs' complaint based upon the two-dismissal rule set forth in Rule 41(a)(1), Fed. R.Civ.P. Alternatively, in the event this action is not dismissed, they have moved pursuant to Rule 41(d) for an award of costs and attorneys' fees incurred by them in defending similar actions dismissed or abandoned by plaintiffs and for a stay of this action pending plaintiffs' payment of any such award.

For the reasons set forth below, defendants' motion to dismiss will be denied. Defendants' motion for costs and attorneys' fees will be granted in part and denied in part, with the amount of such award to be determined at a later date. Accordingly, we will reserve ruling on defendants' request for a stay until such time as the amount of the award is determined.

### Background

The instant case is the fifth in a succession of lawsuits brought by the purported trustees of various state-wide employee benefit plans, and the funds themselves, against Modern Acoustics and its alleged successors, alter egos, and principals, for Modern's alleged failure to make contributions to the funds from June, 1992, through December, 1992.

The first of these suits was instituted in January, 1994 in Connecticut state court by "Robert E. Loubier, et al., Trustees of the Connecticut State Council of Carpenters State–Wide Benefit Funds,"[1] against Modern Acoustics and two of its principals. The plaintiffs asserted two claims: breach of the collective bargaining agreements by Modern Acoustics, for which they sought $161,575.20 in amounts due the funds; and a statutory claim against two of the principals of Modern, in which they sought to impose personal liability against them for this indebtedness. Plaintiffs initially obtained a prejudgment remedy. However, after defendants filed a motion to dismiss on the basis of ERISA preemption,[2] plaintiffs abandoned this lawsuit. The suit was dismissed by a judgment of dismissal entered by the court on June 16, 1995, for "failure to prosecute said action with reasonable diligence."[3] *Robert E. Lou-*

---

1. The application for a prejudgment remedy names the plaintiffs as "Robert E. Loubier, et al., Trustee." We cannot tell who the "et al." are, since they are not named in the application for a prejudgment remedy or in the complaint.

2. The Employee Retirement Income Security Act of 1974, as amended, ("ERISA") supersedes any and all State laws that relate to employee benefit plans covered by ERISA. 29 U.S.C. §§ 1144(a).

3. Section 251 of the Connecticut Rules of Practice provides:

   If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion,

bier, et al., Trustee v. Modern Acoustics, Inc., et al., CV 940704887 S (Superior Court, Hartford/New Britain Judicial District, Connecticut).

In the meantime, plaintiffs learned that Fred Wilmot, a principal of Modern Acoustics, had formed a second corporation, Commercial Interior Systems, Inc. ("CIS") and that this new corporation appeared to be carrying on the business of Modern. Plaintiffs commenced a second action against CIS in late June, 1994, asserting a "unity of interest, ownership and operation between Modern and CIS" such that CIS should be liable for Modern's debt to the funds. Plaintiffs also asserted a second cause of action to set aside the allegedly fraudulent transfers of personal property from Modern to CIS. After obtaining a temporary injunction against Modern and CIS preventing further transfers of assets, plaintiffs again abandoned the lawsuit based upon defendants' assertion of an ERISA preemption defense. As before, the court entered a judgment of dismissal on December 8, 1995, for failure to prosecute said action with reasonable diligence. Robert E. Loubier, et al., Trustee v. Commercial Interior Systems, Inc., et al., CV 940705242 S (Superior Court, Hartford/New Haven Judicial District, Connecticut).

The next three law suits were filed in federal court in the District of Connecticut. The first of these suits was filed on January 17, 1995, and was brought by the funds themselves under ERISA. The Connecticut State Council of Carpenters State–Wide Pension, Supplemental Annuity Pension, Health, Apprenticeship Training and Vacation Savings Benefit Funds v. Modern Acoustics, Inc ., and Commercial Interior Systems, Inc., No. 3:95CV0082(JBA). That action was dismissed on August 31, 1995, on the basis that the funds had no standing under ERISA to bring the suit and, therefore, this Court lacked subject matter jurisdiction. This Court also denied plaintiffs' motion to substitute the trustees as parties plaintiff.

On May 8, 1995, the second in the trilogy of federal lawsuits was filed, this time by the individual trustees[4] against Modern Acoustics, CIS, Wilmot, the principal, and two other corporations, Architectural Interior Contractors, L.L.C., and Interior Facilities Constructors, L.L.C., the two latest corporations in the "Modern 'family tree,'" according to plaintiffs. Loubier v. Modern Acoustics, Inc., Case No. 3:95CV01398(JBA) (hereinafter "Loubier IV"). The first four counts of this ERISA complaint were identical to those in the preceding action, counts five and six claimed damages against the two new corporations, count seven alleged fraudulent transfers from Modern to the other corporations, and count eight sought damages from Wilmot individually under a common-law instrumentality theory. Defendants filed a joint motion to dismiss for lack of subject matter jurisdiction, claiming that the benefit plans required civil collection actions to be brought in the name of two trustees and that formal resolutions of the funds were a prerequisite to filing suit. These administrative formalities, they asserted, had not been met.

Plaintiffs, "realizing that defendants' motion was well founded and that, based on the ruling in the previous action, any motion to substitute parties plaintiff would be futile,"[5] voluntarily dismissed the action, obtained resolutions from the trustees, and recommenced the instant action, presumably with all of the proper parties plaintiff now before the court.[6] This ERISA complaint alleges the same causes of action against the same defendants as Loubier IV. Defendants have now moved to dismiss this action based upon the two-dismissal rule.

---

render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. . . .

**4.** This action names Robert Loubier, John Farnham, Matthew Capece, and David Saldibar as the plaintiffs, as trustees of The Connecticut State Council of Carpenters State–Wide Pension, Supplemental Annuity Pension, Health, Apprentice-

ship Training, and Vacation Savings Benefit Funds.

**5.** Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 9.

**6.** The Court expresses no opinion at this time as to whether all necessary parties have been joined as plaintiffs or whether all necessary resolutions were obtained.

*Discussion*

*Rule 41(a)(1)—The Two–Dismissal Rule*

The two-dismissal rule is an exception to the general principle set forth in Rule 41, Fed.R.Civ.P., that the voluntary dismissal of an action by a plaintiff is without prejudice and, thus, does not bar a new suit based upon the same claim. Rule 41(a)(1) provides in relevant part:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Under the two-dismissal rule, if a plaintiff has already dismissed an action in state or federal court based upon or including the same claim as set forth in the suit he now seeks to dismiss, a notice of dismissal in the second suit will be considered an adjudication on the merits. Because of the ease with which a voluntary dismissal may be secured, court have held that the two-dismissal rule was "practically necessary to prevent an unreasonable use of dismissal[s]." *Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 483 (8th Cir.1962). Defendants herein seek to invoke the two-dismissal rule to render plaintiffs' prior voluntary dismissal of virtually the same action a dismissal on the merits, which would bar the present action.

> Defendants argue compellingly that
>
> [n]otwithstanding their affirmative decision to abort at least three of the four previous actions, plaintiffs now wish to invoke the jurisdiction of this Court yet again, by filing what constitutes their *fifth* action predicated upon the same conduct. However, plaintiffs, by their own repeated abandonment and dismissal of their prior actions, have sounded the death knell for this action as well.

Defendants' Memorandum in Support of their Motion to Dismiss at 2–3. We agree with defendants that the prior filings have been fraught with errors and that there has been a needless consumption of judicial resources. We further agree that, although there has not been an identity of parties, there is a sufficient relationship between the parties for the two-dismissal rule to apply. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 2368 (1995); 9 Moore's Federal Practice 3d § 41.33[7][k] (1997); *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp.*, 933 F.2d 724, 728 (9th Cir. 1991), *cert. denied*, 503 U.S. 920, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992). We also find that the claims asserted have been based upon or include the same claims for purposes of Rule 41(a)(1).

We have difficulty, however, with defendants' treatment of the state-court dismissals as voluntary dismissals for purposes of the two-dismissal rule. It matters not that the earlier dismissals were of state court actions. 9 Moore's Federal Practice 3d § 41.33[7][h]. Rule 41(a)(1) specifically refers to a state or federal action. What is significant, however, is that these state-court dismissals were by court order and not by the voluntary action of the plaintiffs.

The plain language of Rule 41(a)(1) indicates that the two-dismissal rule will apply only when the second action, (in this case, *Loubier IV*), was voluntarily dismissed by notice. 9 Moore's Federal Practice 3d § 41.33[7][b]. The Rule, however, does not indicate what type of dismissal will qualify as a first dismissal for purposes of the two-dismissal rule. 9 Moore's Federal Practice 3d § 41.33[7][g]. The Rule simply refers to "a plaintiff who has once dismissed." The issue that we must address is whether the two-dismissal rule will apply when the first case was dismissed by a state court for dormancy or lack of prosecution.

Admittedly, as defendants argue, these state court dismissals for want of prosecution resulted from plaintiffs' deliberate abandonment of their claim. The Second Circuit, however, has cautioned that, because the two-dismissal rule is in derogation of the principle embodied in Rule 41(a)(1) and honored in equity prior to adoption of the Federal Rules that a voluntary dismissal does not bar a new suit based upon the same claim, "a court should be most careful not to construe or apply the exception too broadly." *Poloron*

*Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012, 1017 (1976); *see also Sutton Place Development Co. v. Abacus Mtg. Inv. Co.,* 826 F.2d 637 (7th Cir.1987) (holding that the court should be especially careful not to extend the scope of the narrow exception when the purpose for the exception would not be served), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988). *But see Gioia v. Blue Cross Hosp. Serv., Inc.,* 641 F.2d 540 (8th Cir.1981) (holding that, although the dismissal was granted by court order, the totality of the circumstances established that the dismissal was pursuant to Rule 41(a)(1) rather than 41(a)(2)).

In *Poloron,* the Second Circuit held that the filing of a notice of dismissal preceded by a dismissal by stipulation, knowingly consented to by all parties, did not activate the two-dismissal bar against bringing an action based on or including the same claim. 534 F.2d at 1018. The court noted that Rule 41(a)(1) makes no distinction "by its literal terms" between a prior dismissal by notice and one by stipulation. However, recognizing that the primary purpose of the two-dismissal rule "is to prevent an unreasonable use of the plaintiff's *unilateral* right to dismiss an action prior to the filing of the defendant's responsive pleading," the court held that a distinction should be made between a unilateral dismissal by the plaintiff and one that results from a mutual agreement of all the parties. *Id.* at 1017 (emphasis added). The court noted that the danger of repeated unilateral dismissals is not implicated by a consensual, stipulated dismissal. *Id.*

In *American Cyanamid Co. v. McGhee,* 317 F.2d 295 (5th Cir.1963), the Fifth Circuit analyzed the difference between the various types of dismissals that may be had under Rule 41.

> Voluntary dismissal of civil actions in federal courts is governed by Rule 41(a), Federal Rules of Civil Procedure. Within this Rule there are three separate and distinct methods of voluntarily dismissing a suit. The first and second methods are covered by Rule 41(a)(1) which provides for a dismissal by notice, and dismissal by stipulation of the parties. The third method is found in Rule 41(a)(2) which provides for a dismissal by order of court upon such condition as the court considers just.
>
> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing. But this quick and ready tool may be used once, and only once, if clear consequences are to be avoided. A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another.

*Id.* at 297.

In the instant situation, neither of the state court actions were dismissed based upon the unilateral action of the plaintiffs. Both were dismissed by court order. We have found no case in which the two-dismissal rule was applied where the first dismissal was by court order for want of prosecution. However, as in *Poloron,* the majority of decisions have refused to apply the two-dismissal rule where the first dismissal was by stipulation of the parties or by order of the court.

In *Dee–K Enterprises, Inc. v. Heveafil Sdn. Bhd.,* 177 F.R.D. 351 (E.D.Va.1998), the court held that the two-dismissal rule was not implicated when the first dismissal was involuntary, in that case, based upon a court order granting the defendants' Rule 12(b)(6) motion to dismiss. Similarly, the Fifth Circuit in *Hughes Supply, Inc. v. Friendly City Elec. Fixture Co.,* 338 F.2d 329 (1964), held that a state-court order of dismissal based upon a plaintiff's admission of improper venue was not a "voluntary dismissal" within the purview of the Florida Rule of Civil Procedure, which is substantially similar to Fed.

R.Civ.P. 41. *See also Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 431 (D.P.R.1990) (holding that two-dismissal rule did not apply where first dismissal resulted from negotiations and a consent agreement among the parties); *Ham v. Park*, 110 Ohio App.3d 803, 675 N.E.2d 505, 512 (1996) (holding that Ohio's two-dismissal rule, which is substantially the same as Fed.R.Civ.P. 41, did not apply to either Ohio Civ.R. 41(A)(2) or (B). The court noted that these are different types of dismissals and these code sections should not be construed together).

It is also significant that, under the Federal Rules, a dismissal for want of prosecution is considered an involuntary dismissal under Rule 41(b). Thus, had the original dismissals been in federal court, they would have been involuntary dismissals under Rule 41(b) and the two-dismissal rule of Rule 41(a)(1) would not come into play.

Based upon Second Circuit's strict interpretation of the two-dismissal rule, we hold that the state-court dismissals which were by court order (presumably upon the court's own motion) were not unilateral, voluntary dismissals subject to the two-dismissal rule. Therefore, we deny defendants' motion to dismiss.

*Rule 41(d) Sanctions*

■ Defendants have requested, in the alternative, that we enter an order requiring plaintiffs to pay defendants' costs for the previously dismissed actions and that we stay the instant proceedings until such costs are paid. The authority for this request is found in Rule 41(d), Fed.R.Civ.P., which provides:

**Costs of Previously–Dismissed Action.** If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

7. Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 22.

8. *Id.* at 23.

An award of costs under Rule 41(d) is discretionary with the court. *Zucker v. Katz*, 708 F.Supp. 525, 539 (S.D.N.Y.1989). Only reasonable costs are recoverable, and the courts have generally allowed the recovery of attorney's fees as part of the costs. *Id.* at 539; *Evans v. Safeway Stores, Inc.*, 623 F.2d 121 (8th Cir.1980); *Esquivel v. Arau*, 913 F.Supp. 1382, 1392 (C.D.Cal.1996); *Behrle v. Olshansky*, 139 F.R.D. 370 (W.D.Ark.1991), *appeal dismissed*, 966 F.2d 1458 (8th Cir. 1992); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581 (M.D.Ga.1989). *But see Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 155 (D.Minn.1989) (declining to include attorneys' fees).

Plaintiffs urge us not to assess costs based upon their "ample justification for voluntarily dismissing"[7] *Loubier IV* and commencing the instant action. They admit that the prior action was brought by less than all of the trustees required to be named as plaintiffs pursuant to the trust documents. They assert that the omission was inadvertent and that they should be "applauded"[8] for voluntarily dismissing the prior action, thus promoting the interests of judicial economy.

■ There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs. *Esquivel v. Arau*, 913 F.Supp. at 1388. On the other hand, there is authority for plaintiffs' position that we may take into consideration plaintiffs' motive in dismissing the prior action. *See, e.g., Zucker v. Katz*, 708 F.Supp. at 539–40. While the mistake that plaintiffs sought to correct may have been unintentional, it was a mistake that was readily discoverable by plaintiff-trustees through a careful reading of the trust documents. Moreover, it is the plaintiffs' responsibility to ensure that a court has subject matter jurisdiction before filing suit.

While we are limited in assessing costs to those incurred in the prior suit, *Loubier IV*,[9]

9. Rule 41(d) by its very terms applies only to a prior action that was voluntarily dismissed by the plaintiff. Having already ruled that the first three actions were not voluntarily dismissed, we

in exercising our discretion as to whether to award costs, we are not limited to considering only the circumstances surrounding this one lawsuit. As defendants point out, this litigation has a long and tortuous history. Plaintiffs have had more than "one bite at the apple." There has been one mistake after another in the pleadings, all of which have been at a cost to the defendants. Certainly the commencement of five separate actions, with the attendant prejudgment garnishments, and the necessary expense and inconvenience to the defendants are factors that we should take into consideration in deciding whether to award costs and attorneys' fees to defendants.

Accordingly, we exercise our discretion to award defendants reasonable costs, including attorney's fees, incurred in defending *Loubier IV* only. We deny defendants' request for costs and fees as to any of the other prior actions. The parties are encouraged to reach an agreement as to reasonable costs and attorneys' fees to be awarded, but if such an agreement cannot be reached, defendants are directed to submit an itemized statement of fees and costs, supported by sworn affidavits, within 30 days of the date of this ruling. Plaintiffs will then have 21 days to respond and the defendants will have 10 days for a reply, if necessary.

*Conclusion*

Defendants' motion to dismiss [**Doc. # 9**] is DENIED. Defendants' motion for an order for costs and attorneys' fees is GRANTED in part and DENIED in part, the amount of reasonable costs and attorneys' fees to be determined after additional submissions by the parties in accordance with the briefing schedule set forth above. The Court reserves ruling on defendants' request for a stay until the amount of the costs and fees to be awarded has been determined.

**SO ORDERED.**

hold that the only action for which we can award costs and attorneys' fees is *Loubier IV*.