**SUTTON PLACE DEVELOPMENT COMPANY, a Florida corporation, Henry Weiss and Carol Weiss, Plaintiffs-Appellants,**

v.

**ABACUS MORTGAGE INVESTMENT COMPANY, Defendant-Appellee.**

No. 85–2633.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1986.

Decided Aug. 12, 1987.

Rehearing and Rehearing En Banc Denied Oct. 22, 1987.

Stephen P. Sinnott, Sinnott & Kromelow, Chicago, Ill., for plaintiffs-appellants.

Robert L. Price, D'Ancona & Pflaum, Chicago, Ill., for defendant-appellee.

Before CUDAHY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

In this case, we are asked to determine whether the district court correctly applied the so-called "two dismissal" rule of Fed.R. Civ.P. 41(a)(1) [1] in the rather atypical situa-

---

1. Fed.R.Civ.P. 41 provides, in pertinent part: (a) Voluntary Dismissal: Effect Thereof.

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates*

*as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim* [emphasis supplied].

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for

tion presented by this litigation. Because we respectfully disagree with the decision of the district court, we reverse its judgment and remand the case for further proceedings.

I

### A. *Background*

The plaintiffs-appellants, Sutton Place Development Company and its principals, Henry and Carol Weiss (collectively referred to as Sutton Place) were involved in the development of a residential condominium in Coral Springs, Florida. The defendant-appellee, Abacus Mortgage Investment Company (Abacus), was one of the companies financing the development of the project. When the project faltered, Abacus served Sutton Place with a notice of default.

### B. *Subsequent Litigation*

#### 1. Illinois Civil Action

Sutton Place reacted to the notice of default by commencing an action in the Illinois state courts. It obtained a temporary restraining order preventing Abacus from proceeding with a foreclosure action; this order was later dissolved. Sutton Place also filed claims for damages against the various defendants, including Abacus. After a change of attorneys, Sutton Place sought a continuance of this action. When the trial judge denied the continuance, Sutton Place, on July 28, 1983, voluntarily dismissed this action as to Abacus.

#### 2. The Florida Foreclosure Action

Once the restraining order in the Illinois action was lifted, Abacus filed its foreclosure action in the Circuit Court of Broward County, Florida. Sutton Place filed a counterclaim alleging wrongdoing similar to that alleged in the Illinois action.

#### 3. The Present Case—Initial Complaint ("Marshall Case")

On July 21, 1983, a week before Abacus was dismissed from the Illinois state case, Sutton Place filed this case in the United States District Court for the Northern District of Illinois. This case was assigned to Judge Marshall. Abacus was *not* named as a defendant in the original complaint. The defendants were three individuals who had been involved in the financing of the condominium. Two of the three were defendants in the Illinois state court action.

#### 4. Bankruptcy Proceedings

On August 1, 1983, Sutton Place filed petitions under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* (1982). Under the automatic stay provisions of the Bankruptcy Code, *see* 11 U.S.C. § 362(a), this filing suspended actions brought against Sutton Place by its creditors.

#### 5. New Federal Litigation Against Abacus ("Moran Case")

On December 21, 1983, Sutton Place filed a breach of contract case against Abacus alone. This case was assigned to Judge Moran.

### C. The "Two Dismissal" Problem Emerges

In the bankruptcy proceeding, Abacus obtained an order directing Sutton Place to abate the Moran Case on the ground it was filed without the permission of the bankruptcy court. Sutton Place then asked that this order be modified so that it could dismiss the Moran Case and refile the claim against Abacus in one of the other suits. Abacus agreed not to oppose the motion provided the order state that the modification was for the purpose of dismissing the Moran Case. Sutton Place insisted that the order state it was without prejudice. The following colloquy then took place before the bankruptcy judge:

> The Court: How about dismissing it without prejudice to asserting the same

---

independent adjudication by the court. Unless otherwise specified in the order, a dismissal

under this paragraph is without prejudice.

cause or causes of action in the presently existing lawsuits?

Mr. Neirenberg [Counsel for Sutton Place]: I have no problem with that.

Mr. Pollack [Counsel for Abacus]: Neither do I.

R.134, Ex. 1 at 11–12. Accordingly, the bankruptcy judge entered the following order:

IT IS ORDERED that this Court's Order of January 17, 1984 directing debtors to abate their action (the "Action") [referring to the Moran Case] ... is vacated solely to enable debtors to dismiss the Action. This Order is without prejudice to debtors' rights including the assertion of the cause of action stated in the Action, in any litigation which is now pending.[2]

R. 129, Ex. 3 at 1–2.

Sutton Place then filed a motion for voluntary dismissal before Judge Moran:

NOW COME the plaintiffs, by their attorneys, and move this Court to voluntarily dismiss this action without prejudice, and in support state as follows:

1. The complaint in this action against the defendant ABACUS MORTGAGE INVESTMENT COMPANY, was filed on December 21, 1983.

2. Service has not been obtained on the defendant.

3. The defendant has not appeared or otherwise pleaded in this action.

4. The plaintiffs elect to voluntarily dismiss this action against the defendant without prejudice.

WHEREFORE, the plaintiffs ask this court to enter an order dismissing this case without prejudice.

*Id.*, Ex. 4 at 1. Abacus had no notice of the motion, other than that which it had by virtue of its counsel's participation in the bankruptcy hearing.

On May 3, 1984, Judge Moran entered an order in his minute book granting the motion: "Plaintiffs' motion to voluntarily dismiss this action without prejudice is granted." *Id.*, Ex. 5.

On May 22, 1984, Sutton Place amended its complaint in the Marshall Case to add Abacus as a defendant. On July 5, 1984, Abacus moved to dismiss the complaint. Among the grounds asserted was the "two dismissal" rule.

### D. *The Decision of the District Court*

Judge Marshall dismissed the complaint against Abacus on the ground that the dismissal by Judge Moran was, because of the "two dismissal" rule of Rule 41(a), a decision on the merits which barred further litigation. He noted:

In all three claims, the same loan documents, parties to the loan transactions, and property are the same. In all three actions, plaintiffs alleged that Abacus wrongfully required plaintiffs to acquire a parcel of land referred to as the Vandia property as a condition to the loan, wrongfully refused promised funding, and wrongfully instituted a foreclosure action against plaintiffs' property. Because the claim is the same against Abacus, rule 41(a) requires dismissal.

*Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, No. 83 C 5020, mem. op. at 3–4 (N.D.Ill. Feb. 25, 1985); R. 123 at 3–4 [hereinafter cited as Mem. op.].

Judge Marshall noted that Judge Moran's form of dismissal was an order rather than a notice of dismissal. However, he believed the "two dismissal" rule was still applicable because:

the plaintiffs achieved what a notice of dismissal would have accomplished. To refuse to apply the two dismissal rule because an order dismissed the case would be to permit plaintiffs to circumvent the policy of the rule by moving to dismiss rather than simply filing a notice of dismissal as the rule provides.

*Id.* at 3.

When asked to reconsider his ruling, the court refused to characterize Abacus' counsel's consent to lift the bankruptcy abatement order as a waiver of the "two dismissal" rule. He pointed out that:

---

**2.** It is not clear whether the bankruptcy judge, at the time he entered the order, was specifical-

ly aware of the earlier dismissal of the Illinois state court action.

At the time plaintiffs appeared before the bankruptcy court to modify the order of abatement, they recognized that an alternate procedural course of action was available to them, namely a motion to consolidate and transfer. They freely chose what they perceived to be the better technique of simply dismissing the action pending before Judge Moran and then amending the complaint in this action to add Abacus as a party defendant.

R. 143 at 3.

## II

We begin our analysis, as we must, with the language of Rule 41(a). There is no question that, if this case were decided according to the precise language of Fed.R. Civ.P. 41(a)(1), the action of the district court in dismissing the appellant's case could not stand. "By its own clear terms the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2)." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971) (footnotes omitted) [hereinafter cited as Wright & Miller]. Here, application for the second dismissal was made by motion and granted by order of Judge Moran. Therefore the language of the rule does not trigger the so-called "two dismissal" exemption upon which the district court relied.

We agree with the district court that there are circumstances when due regard for the underlying policy concerns of the Rule may require that the court depart from the precise language of the Rule. *See. e.g., Gioia v. Blue Cross Hosp. Serv., Inc.,* 641 F.2d 540 (8th Cir.1981) (although dismissal granted by court order, totality of circumstances established that dismissal was pursuant to Rule 41(a)(1) rather than 41(a)(2)). However, it must be remembered that the federal rules are carefully-crafted instruments designed to achieve, by their uniform application, fairness and expedition in the conduct of federal litigation. Therefore, when a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that a departure from the plain language is justified. That burden is especially heavy in the case of the "two dismissal" rule because, by disregarding the plain wording of the rule, the court also disregards the over-arching policy concern of the Federal Rules in favor of a decision on the merits. "The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966). Moreover, as Judge Meskill pointed out for the Second Circuit in *Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012 (2d Cir.1976), "[t]he 'two dismissal' rule is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim." *Id.* at 1017 (citation omitted). We should be especially careful not to extend the scope of such a narrow exception when the purpose for the exception would not be served.[3]

The purpose of the "two dismissal" rule, "pointed out in numerous decisions, is to prevent unreasonable abuse and harassment," *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963), "by plaintiff securing numerous dismissals without prejudice." Wright & Miller § 2368, at 187 (footnote omitted). The orders of the district court in this case, when evaluated in light of this purpose, simply do not provide an adequate basis for a deviation from the plain wording of the rule. The record makes it quite clear that dismissal of the suit before Judge Moran

---

**3.** Indeed, in *Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012, 1017 (2d Cir.1976), the Second Circuit suggested that "[w]here the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly."

was sought only after the matter had been discussed fully before the bankruptcy judge and opposing counsel. It was clear to all that Sutton Place was seeking dismissal of the suit before Judge Moran—not to harass Abacus but to consolidate its Chicago-based litigation. The bankruptcy judge summarized the understanding of all concerned as follows:

> THE COURT: I am willing, and Mr. Pollack [Abacus' Florida counsel] has no problem, and Mr. Farrar has no problem, with granting the motion to vacate the order, which will permit you to dismiss the case referred to in your motion and in that order, and it is without prejudice to your asserting the cause or causes of action in any presently pending litigation, but not to start a new lawsuit.

R. 134, Ex. 1 at 11–12.

While appellee's counsel did not explicitly waive reliance on the "two dismissal" rule,[4] it is clear that he understood the reason for the appellants' course of action and raised no objection to it. This is hardly the action of a harassed litigant; it certainly affords no justification for deviating from the plain meaning of Rule 41(a)(1) in order to vindicate the Rule's underlying policy concerns.

## Conclusion

Because we believe that the particular fact situation presented by this case does not justify a deviation from the plain wording of Rule 41(a), we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

IT IS SO ORDERED

---

**4.** The district court wrote: "We would not characterize Pollack's statements at the April 18, 1984 hearing as a waiver of Abacus' right to raise the two dismissal rule as a defense in this action. ..." *Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.,* No. 83 C 5020, mem. op. at 3 (N.D.Ill. Sept. 10, 1985); R. 143 at 3. When read in context, it is clear that this statement is the district court's evaluation of the legal significance of counsel's statements. Whatever may be the proper standard of review for such a mixed question of law and fact, *compare Schuneman v. United States,* 783 F.2d 694, 699 (7th Cir.1986) (mixed questions of law and fact "are independently reviewable by an appellate court") (Eschbach, J.) *with Mucha v. King,* 792

ESCHBACH, *Senior Circuit Judge,* dissenting.

The sole issue in this appeal is whether a paper styled a "motion" for voluntary dismissal was in reality a "notice" of dismissal, triggering the bar of the "two dismissal" rule contained in Fed.R.Civ.P. 41(a)(1). Because I believe that the majority has assumed away this issue, because I believe the issue is a factual one, and because I believe the finding of the experienced trial judge on this issue was not clearly erroneous, I must dissent.

I am in complete agreement with the majority's statement of the general rule that "[b]y its own clear terms the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1)." 9 Wright & Miller, *Federal Practice and Procedure* ¶ 2368 at 188 (1971). The Rule does not apply where the dismissal is by stipulation or upon motion. However, whether the second dismissal was by motion is precisely what is at issue in this case. The district court found that:

> Although the form of the dismissal was an order of a notice of dismissal, the plaintiffs achieved what a notice of dismissal would have accomplished. To refuse to apply the two dismissal rule because an order dismissed the case would be to permit plaintiffs to circumvent the policy of the rule by moving to dismiss rather than simply filing a notice of dismissal as the rule provides.

Slip op. at 3.

Thus, Judge Marshall held, in effect, that plaintiffs' "motion" *was* a notice of dismis-

---

F.2d 602, 605 (7th Cir.1986) (trial judge has responsibility of "determining not only the historical events that are relevant to how the case should be decided but also the legal significance of those events") (Posner, J.), this conclusory statement is clearly erroneous. *See generally Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985); *Pullman-Standard v. Swint,* 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1790–91 n. 19, 72 L.Ed.2d 66 (1982). As the discussion in the text notes, counsel for the appellee was quite aware of the appellants' course of action and the reasons for it and represented to the bankruptcy court that he would not object.

sal. I cannot say that he clearly erred in this conclusion.

Labels do not control the effect of filings with the court. *United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043, 1046 (9th Cir.1984) (treating "notice for rehearing and stay of execution, condemnation and forfeiture" as Rule 60 motion for relief from judgment); *see also* Fed.R.Civ.P. 8(c) (Improperly designated counter-claim to be treated as if properly designated); Fed.R. Civ.P. 8(f) (pleadings construed so as to do substantial justice). But for the label, plaintiffs' "motion" had all the earmarks of a voluntary notice of dismissal. The defendant had not filed either an answer or a motion for summary judgment. Thus a voluntary notice of dismissal was clearly permitted. The defendants were not given notice of the motion. Thus, there was no opportunity for Judge Moran to consider whether to attach "terms and conditions" to the order as contemplated by Rule 41(a)(2). In sum, the district court was correct in concluding that the plaintiffs "achieved what a notice of dismissal would have accomplished." In essence, this was the procedure they followed.

This conclusion is supported by what little case law exists on the issue of whether a particular filing is a notice of dismissal. In *Gioia v. Blue Cross Hospital Services*, 641 F.2d 540 (8th Cir.1981), the Eighth Circuit was presented with a similar situation. There, the plaintiff, having once dismissed its suit and refiled, filed a document entitled "Memorandum for Clerk" which stated:

Comes now the plaintiff ... and by leave of Court, dismisses its complaint ... without prejudice at plaintiff's cost.

The judge in the case wrote "So ordered" on the side of the memorandum, and a copy of it was mailed to the defendant, who had earlier been notified by letter of the plaintiff's intention to dismiss the suit in order to bring a new suit with additional parties.

When the defendant invoked the two dismissal rule in the subsequent suit, the district court found that the second dismissal was not by order of the court, but rather by notice. The district court supported its decision by noting that there had been no answer or motion for summary judgment, that the defendants were given no opportunity to oppose the dismissal, and that the defendants had been put to considerable time and expense—one of the reasons Rule 41(a)(1) was adopted. 641 F.2d at 543. Under these circumstances, the Eighth Circuit held that:

All in all, we cannot fault the logic of [the district judge] who found that the dismissal was *not* by court order.... The plaintiff proceeded in a manner which would lead one to believe that the dismissal was voluntary and unilateral—no proper motion, no notice, no hearing, no waiting for five days before presenting the matter to the judge in accord with the local rules, and no formal order. And, finally, no indication that they believed the court had any discretion in the matter since their third suit was filed before they ever "applied" for dismissal of the second.

641 F.2d at 544 (emphasis in original).

In another context, the Fifth Circuit has held that the fact that a particular filing is labeled a "motion" rather than a notice is a "distinction without a difference." *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976). In that case, the district court had denied a plaintiffs' "motion" for voluntary dismissal without prejudice and entered an order which would have dismissed the matter with prejudice unless the plaintiffs paid the defendant's attorney's fees, although there had not been a prior dismissal of the action. The Fifth Circuit reversed, holding that, because the "motion" was in reality a notice, the district court had no discretion to deny it or to attach conditions to the dismissal. 531 F.2d at 1264.

While this case is not factually identical to those cited above, it is sufficiently similar that I would find the reasoning of the Fifth and Eighth Circuits persuasive here. Of particular significance are the lack of notice to Abacus and the perfunctory consideration that Judge Moran was expected to and did give the motion. As in *Gioia*, plaintiffs' behavior in this case did not indicate that they believed Judge Moran had

any discretion at all with regard to their purported "motion." Thus, I believe there was no error in treating the "motion" as what it was for all practical purposes a notice which triggered the two dismissal rule.

Contrary to the majority's suggestion, I do not believe either the Eighth Circuit or the Fifth Circuit was crafting a judicial version of Rule 41 to fill in the gap left by the rule itself. Assuming such power to even exist at all (which I doubt), I agree with the majority that it ought to be used sparingly. However, only by blithely assuming that, because the label on the piece of paper plaintiffs filed read "motion", it must be one, does the majority even raise the spectre of such unrestrained judicial power. What the district judge did was to examine the factual situation before him and determine from long years of practical experience at the trial level whether the facts fit one or the other subdivision of Rule 41. True, it applied a "substance over form" analysis, but as indicated above, I believe this was entirely proper.

While I find the issue regarding the purported "stipulation" or "waiver" more difficult, I believe that the district court's finding on this issue was one of fact, which we should not disturb on appeal unless we find that it is "clearly erroneous." *See* Fed.R. Civ.P. 52(a).

Unlike the majority, I am unable to so conclude. Plaintiffs, as the parties asserting waiver, had the burden of proving it. *Garvy v. Blatchford Calf Meal Co.*, 119 F.2d 973 (7th Cir.1941). But the portion of the transcript which was relied upon by Sutton Place to establish waiver, and which was reviewed by the district court, was ambiguous. As the district court noted, during the bankruptcy hearing there had been references to at least five pending lawsuits. Neither of the parties mentioned the two dismissal rule, and so far as the record shows, neither was aware of either the rule or its application at the time of the hearing before the bankruptcy judge. A waiver is a *voluntary* relinquishment of a *known* right. *Pastrana v. Federal Mogul Corp.*, 683 F.2d 236 (7th Cir.1982); *Universal Gas Co. v. Central Illinois Public Service Co.*, 102 F.2d 164 (7th Cir.1939). As the district judge found, any waiver of the two dismissal rule is "far from clear" on this record.

While I might, were we deciding the matter in the first instance, conclude that the oral agreement that dismissal of the Moran case be "without prejudice" to refiling the claims therein in another lawsuit was meant to be a waiver of the two dismissal rule, I do not believe we can say that the contrary finding of the district court was "clearly erroneous."

Where fact-bound issues relating to the meaning of filings in the district court are concerned, we ought to be particularly careful of second-guessing an experienced trial judge who must decide such questions daily. Because I believe the majority has, to right a perceived inequity, abandoned the ordinarily deferential standard of review we apply to this type of case, I dissent.