# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2014

No. 13-40912
Summary Calendar

Lyle W. Cayce
Clerk

CABOT GOLF CL-PP 1, LLC; CABOT GOLF CL-PP 3, LLC;
CABOT GOLF CL-PP 4, LLC; CABOT GOLF CL-PP 5, LLC;
CABOT GOLF CL-PP 6, LLC; *et al.*,

Plaintiffs-Appellants,

v.

NIXON PEABODY, LLP,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-39

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Cabot Golf CL-PP 1, LLC and related entities (collectively, "Cabot") appeal from a final judgment dismissing all of their claims pursuant to Federal Rule of Civil Procedure 41(a)'s two-dismissal rule, giving us jurisdiction under 28 U.S.C. § 1291.  We affirm.

Concerning voluntary dismissals, Rule 41(a) provides, in relevant part:

(1) ***By the Plaintiff.***

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40912

(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

> (ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.[1]

At the end of April, 2012, Cabot filed three virtually identical lawsuits: one in California state court, one in California federal court, and this action. Shortly thereafter, Cabot's counsel discussed with the defendants' counsel pursuing a single action in a single forum, but he did not obtain a stipulation of dismissal signed by all parties under Rule 41(a)(1)(A)(ii). Instead, Cabot voluntarily dismissed the California state action on November 13, 2012, then filed a notice of dismissal in the California federal action on November 15, 2012, which the court granted the same day. That left, of course, only this action.

On December 12, 2012, Defendant-Appellee Nixon Peabody LLP ("Nixon Peabody") filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the basis that the dismissal of the California federal action operated as an adjudication

---

[1] Fed. R. Civ. P. 41(a).

on the merits under Rule 41(a)(1)(B)'s two-dismissal rule and thus barred by the doctrine of *res judicata*. The magistrate judge issued a report and recommendation recommending that the motion be granted, which the district court adopted in full. The court dismissed Cabot's claims with prejudice in a final judgment entered July 25, 2013.

Cabot timely appealed. Whether Nixon Peabody's motion is properly considered a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, as Cabot contends, a motion for summary judgment under Fed. R. Civ. P. 56, we review the district court's legal determination *de novo*, applying the same standards as the district court.[2] Here, the material facts are undisputed, and we address a pure question of law. In short, Cabot is subject to the two-dismissal rule and is barred from bringing this suit.

Cabot first dismissed its California state action, then dismissed its California federal action by filing a unilateral notice of dismissal.[3] The effect of that second dismissal is determined by Rule 41(a)(1)(B)'s two-dismissal rule, which applies on its face to these facts: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action [here, the California state action]

---

[2] *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012); *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

[3] On March 18, 2014, which was approximately eight months after the district court entered judgment in this case and while this appeal was pending, appellant moved this court to abate the appeal. We granted the motion to allow appellant to obtain an indication from the district court whether it was inclined to give appellant relief from the judgment pursuant to a pending Rule 60(b) motion. The district court denied that motion on May 5, 2014. We received no notification from counsel that the order had been entered and no request for further briefing on the issues involved in that motion or any other issues in this appeal. Thus, we consider in this opinion the unaltered final judgment.

based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

On appeal, Cabot argues that Rule 41(a)(1)(B)'s two-dismissal rule should apply only to serial litigation (i.e., suits which are filed after the earlier suits were dismissed), not to parallel/tandem litigation as in this case (i.e., suits which were already pending when the earlier suits were dismissed). Cabot does not cite any cases applying this interpretation, nor does the plain language of Rule 41 support it.

Similarly, Cabot argues that the Texas district court should not have applied *res judicata* because a Texas state court would not have done so to the voluntary dismissal of the California federal action.   Specifically, Cabot argues that Texas requires proof of a valid prior final judgment on the merits,[4] and the California federal dismissal was not such a judgment.   Again, Cabot fails to cite a case supporting its argument, and again the plain language of Rule 41(a)(1)(B) shows that the argument is untenable: under the two-dismissal rule, "a notice of dismissal [in the second case] operates as an adjudication on the merits."   In other words, though the dismissal was voluntary, it acts as a final judgment *on the merits* under Rule 41.

Finally, Cabot argues that applying Rule 41(a)(1)(B)'s two-dismissal rule would be unfair because it is harsh and does not promote the rule's goals of "prevent[ing] unreasonable abuse and harassment." [5]   Unfortunately, although the rule may be harsh under these circumstances, the language is clear, and we must apply it as written.[6]   Cabot points out that if it had

---

[4] *See Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008).

[5] *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

[6] *See, e.g.*, *Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 639-41 (7th Cir.

dismissed the California federal action first and the California state action second, Rule 41(a)(1)(B)'s two-dismissal rule would not apply.[7]   That is not what Cabot did, however, and the argument only serves to emphasize the applicability of the rule to these facts.[8]

As the Seventh Circuit aptly put it,

> it must be remembered that the federal rules are carefully-crafted instruments designed to achieve, by their uniform application, fairness and expedition in the conduct of federal litigation. Therefore, when a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that a departure from the plain language is justified.[9]

The two-dismissal rule is a narrowly tailored and potentially harsh rule, but the language is clear, and it is applicable to these facts.   Cabot has not borne its "heavy burden" of proving a justifiable departure from the plain language.

Accordingly, we affirm.

---

1987) (discussing the need to strictly construe the plain language of Rule 41 to apply to prior dismissals only by notices of dismissal and not, as in *Sutton* to dismissals by court order with conditions included).

[7] *See Manning v. S. Carolina Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 47 n.5 (4th Cir. 1990); *Stewart v. Stearman*, 743 F. Supp. 793, 794 (D. Utah 1990); *Kuhn v. Williamson*, 122 F.R.D. 192, 194 (E.D.N.C. 1988).

[8] Likewise, because Rule 41(a)(1)(B) applies only to unilateral notices of dismissal, Cabot could have avoided the two-dismissal rule by choosing to file a stipulation of dismissal signed by all parties instead.

[9] *Sutton Place Dev.*, 826 F.2d at 640.