# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

RICARDO G. GARCIA,

> Plaintiff–Appellant

v.

INTERNATIONAL CONSTRUCTION EQUIPMENT, INCORPORATED,

> Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3575

Before DAVIS, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

In the instant case ("*Garcia I*"), Plaintiff Ricardo Garcia filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). The district court, the Honorable Lynn Hughes presiding, issued an order of dismissal which included a condition that "[i]f refiled in or removed to the Southern District of Texas, the case will be assigned to Judge Hughes." On the next day,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20710

Plaintiff re-filed his complaint in Texas state court, alleging largely the same set of facts and legal claims. Defendants then removed the case to the Southern District of Texas; the case ("*Garcia II*") was randomly allotted to the Honorable Sim Lake. Later, by "[a]greement between judges," Judge Lake transferred *Garcia II* to Judge Hughes. Plaintiff now appeals the district court's order of dismissal in *Garcia I*, arguing that the re-filing condition is impermissible under Rule 41(a)(1)(i).

Regardless of the merits on appeal, we recognize that this case is now moot. "A claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). In this case, Judge Lake transferred *Garcia II* to Judge Hughes after Plaintiff filed his notice of appeal in *Garcia I*. Judge Lake's transfer order was not compelled by Judge Hughes' order of dismissal, but by "[a]greement between the judges." Regardless of a district court's jurisdiction in a case after a plaintiff files a Rule 41(a)(1)(A) voluntary dismissal, we permit intra-district case transfers to prevent judge-shopping: "Any district court . . . is free . . . to require that a re-filed action be assigned to the original judge, or to require that if a re-filed case is assigned to a different judge, that judge shall transfer the case to the original judge." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 716 (5th Cir. 2006).[1] Moreover, under Rule 41(a)(1)(B), commonly referred to as the two-dismissal rule, "a notice of dismissal [in the second case] operates as an adjudication on the merits." *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218 (5th Cir. 2014). Plaintiff therefore cannot

---

[1] While our unpublished opinions are not controlling precedent, they may be persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citation omitted).

voluntarily dismiss *Garcia II* and re-file his case for a third time without having final judgment issued against him—notwithstanding which judge he then draws. Accordingly, we find that the contested condition in Judge Hughes' order of dismissal, in *Garcia I*, can no longer affect Plaintiff's claims, and this appeal must be dismissed as moot.

**DISMISSED AS MOOT.**