**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2736-20

THE STATE OF NEW JERSEY
ex rel. HEALTH CHOICE
ADVOCATES, LLC,

     Plaintiff-Appellant,

v.

GILEAD SCIENCES, INC.,

     Defendant-Respondent.

_____

Argued November 14, 2023 – Decided March 1, 2024

Before Judges Gilson, Berdote Byrne, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2424-20.

Radu A. Lelutiu (McKool Smith PC) of the New York bar, admitted pro hac vice, and Ruby Khallouf argued the cause for appellant Health Choice Advocates, LLC (Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, W. Mark Lanier (The Lanier Law Firm) of the Texas bar, admitted pro hac vice, Zeke DeRose III (The Lanier Law Firm) of the Texas bar, admitted pro hac vice, and Eric B. Halper (McKool Smith PC) of the

New York bar, admitted pro hac vice, attorneys; Brian R. Tipton, Ruby Khallouf, W. Mark Lanier, Zeke DeRose III, Eric B. Halper, and Radu A. Lelutiu, of counsel and on the briefs).

John M. Potter (Quinn Emanuel Urquhart & Sullivan, LLP) of the California bar, admitted pro hac vice, argued the cause for respondent (Marino, Tortorella & Boyle, PC, John M. Potter, Manisha M. Sheth (Quinn Emanuel Urquhart & Sullivan, LLP) of the New York bar, admitted pro hac vice, and Suong Nguyen (Quinn Emanuel Urquhart & Sullivan, LLP) of the California bar, admitted pro hac vice, attorneys; John M. Potter, Manisha M. Sheth, and Suong Nguyen, of counsel and on the brief; Kevin H. Marino and John A. Boyle, on the brief).

PER CURIAM

Plaintiff Health Choice Advocates, LLC (plaintiff or Relator) filed a qui tam action on behalf of the State of New Jersey under the New Jersey False Claims Act (the NJFC Act), N.J.S.A. 2A:32C-1 to -15, -17 to -18. Plaintiff alleged that defendant Gilead Sciences, Inc. (defendant or Gilead) had engaged in unlawful schemes to induce healthcare providers to prescribe Gilead's drugs, which resulted in the submission of false claims for payment from government healthcare programs, primarily Medicaid and Medicare.

Plaintiff appeals from an order dismissing its complaint with prejudice. We affirm because plaintiff's claims are barred by principles of res judicata under the federal two-dismissal rule set forth in Fed. R. Civ. P. 41(a)(1)(B).

2

A-2736-20

## I.

Plaintiff is a subsidiary of the National Health Care Analysis Group (NHCA Group), a partnership comprised of limited liability companies established by investors and former investment bankers "for the purpose of filing qui tam actions alleging instances of fraud in medicine and pharmaceuticals." United States ex rel. Health Choice All., L.L.C. v. Eli Lilly & Co., 4 F.4th 255, 259 (5th Cir. 2021) (italicization omitted).

Plaintiff alleges that Gilead engaged in two unlawful marketing schemes, which caused the submission of false claims. In the first scheme, which plaintiff calls the "White Coat Marketing Scheme," plaintiff contends that Gilead paid a third-party company to hire registered nurses to promote and recommend Gilead's medications. In that regard, plaintiff asserts that Gilead paid "kickbacks" to the third-party company for the nurses' recommendations. In the second scheme, which plaintiff calls the "Support Services Scheme," plaintiff alleges that Gilead offered free reimbursement support services to prescribers who wrote prescriptions for Gilead's medications. Plaintiff alleges that those schemes caused government-administered programs to pay for millions of dollars in false claims.

A-2736-20

Based on those allegations, plaintiff filed a series of qui tam actions against Gilead. In June 2017, plaintiff filed a sealed qui tam action against Gilead and four other defendants in the United States District Court for the Eastern District of Texas (the First Federal Texas Action). The complaint was unsealed after the United States and thirty-one named plaintiff States, including New Jersey, declined to intervene.

Gilead moved to dismiss the First Federal Texas Action after it learned that another relator had previously filed a sealed qui tam action against Gilead in the United States District Court for the Eastern District of Pennsylvania in March 2017 (the EDPA Action). Gilead argued that the EDPA Action was filed first and, therefore, the First Federal Texas Action should be dismissed under the first-to-file rule, which prohibits any person or entity, other than the government, from bringing "a related action based on the facts underlying the [first] pending action." 31 U.S.C. § 3730(b)(5).

A federal magistrate judge recommended that the portion of Gilead's motion to dismiss based on first-to-file grounds be granted. Before the district court judge acted on that recommendation, plaintiff moved to voluntarily dismiss the First Federal Texas Action pursuant to "Federal Rule of Civil Procedure 41(a)(1)[(A)](i) and 31 U.S.C. § 3730(b)(1)."

4

On July 27, 2018, the federal court entered an order dismissing the First Federal Texas Action without prejudice. The court order stated that the motion was made "pursuant to Federal Rule of Civil Procedure 41(a)(1)[(A)](i) and 31 U.S.C. § 3730(b)(1)." Section 3730(b)(1), which is part of the federal False Claims Act, states that an action by a private person "may be dismissed only if the court and the [United States] Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). The order also stated that the court had received "the United States' and [p]laintiff-States' [n]otice of [c]onsent to [d]ismissal."

In July 2018, plaintiff, together with another relator, filed a second qui tam action against Gilead and two other defendants in the United States District Court for the Eastern District of Texas (the Second Federal Texas Action). Like the First Federal Texas Action, the Second Federal Texas Action was filed on behalf of the United States and numerous states, including New Jersey. The Second Federal Texas Action asserted violations of the federal and state False Claims Acts based on the same marketing schemes alleged in the First Federal Texas Action.

Before serving the complaint, plaintiff moved to voluntarily dismiss the Second Federal Texas Action "[p]ursuant to Federal Rule of Civil Procedure

A-2736-20

41(a)(1)(A)(i) and 31 U.S.C. § 3730(b)(1)." Plaintiff requested that the federal claims and all claims based on state statutes, other than those of Texas and New Jersey, be dismissed with prejudice as to plaintiff but without prejudice as to the United States or the plaintiff States. Plaintiff also requested that its claims filed on behalf of Texas and New Jersey be dismissed without prejudice. Plaintiff represented: "Counsel for Relators have discussed this motion with representatives for the United States of America and the [p]laintiff States, who have indicated that they do not oppose the relief sought herein."

On March 11, 2020, the federal court entered an order dismissing the Second Federal Texas Action. The order provided that the dismissal was with prejudice as to plaintiff's claims filed on behalf of the United States and all states other than Texas and New Jersey. The order also stated that "[p]laintiffs' claims on behalf of Texas and New Jersey" were dismissed without prejudice. Finally, the order stated that the dismissal was without prejudice as to the United States or "the relevant state[s]."

Less than a month later, on April 9, 2020, plaintiff filed this qui tam action on behalf of New Jersey against Gilead in the Law Division (the New Jersey

Action).[1]  The New Jersey Action alleges that Gilead submitted false claims in violation of the NJFC Act based on the same schemes plaintiff had alleged in the First and Second Federal Texas Actions.

Gilead moved to dismiss the New Jersey Action under Rule 4:6-2 and Rule 4:5-8(a).  Gilead contended that the New Jersey Action should be dismissed for five separate reasons:  (1) it was barred by res judicata and the federal two-dismissal rule; (2) it was barred by the NJFC Act's first-to-file provision, N.J.S.A. 2A:32C-5(i); (3) it was barred by the NJFC Act's public disclosure bar, N.J.S.A. 2A:32C-9(c); (4) it failed to allege facts to support plaintiff's contention that Gilead knew its operations were resulting in false claims being submitted to New Jersey; and (5) it failed to allege fraud with specificity as required by Rule 4:5-8(a).

---

[1]  At approximately the same time, a related plaintiff filed a qui tam action against Shire PLC, Baxter International, Inc., Baxalta Incorporated, and Viropharma, Inc. (collectively, Shire) on behalf of New Jersey in the Law Division.  The Law Division dismissed the claims against Shire at the same time that it dismissed the claims against Gilead.  The plaintiff in that action had filed an appeal, but thereafter, Shire and the plaintiff resolved their disputes, and that appeal was dismissed.  See State ex rel. Health Choice Advisory, LLC v. Shire PLC, No. A-2735-20 (App. Div. Nov. 8, 2023).

7                                              A-2736-20

After hearing argument, on April 22, 2021, the trial court issued a written opinion and order granting Gilead's motion and dismissing plaintiff's complaint with prejudice.  The trial court accepted all five of Gilead's arguments.

Plaintiff now appeals from the order dismissing the New Jersey Action with prejudice.

II.

On appeal, plaintiff makes four arguments.  It contends that the trial court erred in its rulings on (1) the federal two-dismissal rule; (2) the first-to-file rule; (3) the public disclosure bar; and (4) the sufficiency of plaintiff's allegations.

Because we hold that the claims in the New Jersey Action were barred by the federal two-dismissal rule, we affirm on that basis.  Given that ruling, we need not address the alternative grounds for dismissing plaintiff's complaint against Gilead.

A.    Res Judicata.

Whether res judicata applies is a question of law, which we review de novo.  See Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019); Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012).  Moreover, as the issue arose on a motion to dismiss, we use a de novo standard of review.  Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v.

Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)); Stop & Shop Supermarket Co. v. County of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017); Rezem Fam. Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

Under principles of res judicata, a "cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privities in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991) (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)).  There are three basic elements that must be met for res judicata to apply:

> (1) [T]he judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [McNeil v. Legis. Apportionment Comm'n, 177 N.J. 364, 395 (2003) (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)).]

"When the prior action is the subject of a prior federal court judgment, the binding effect of that judgment, whether applying principles of res judicata or collateral estoppel, is determined by the law of the jurisdiction that rendered it." In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 67 (2013).  Here, a federal

9                                                          A-2736-20

court rendered the orders that Gilead seeks to enforce; we, therefore, look to federal law, and specifically to the law as applied in the United States Court of Appeals for the Fifth Circuit, to determine the prior orders' preclusive effect. Ibid.; see also Gannon v. Am. Home Prods., Inc., 211 N.J. 454, 471 (2012); Watkins, 124 N.J. at 411.

Plaintiff does not dispute that it and Gilead were parties to the First and Second Federal Texas Actions. It also does not dispute that the New Jersey Action is based on the same transactions and occurrences raised in the First and Second Federal Texas Actions. Instead, the issue in dispute is whether the two orders in the First and Second Federal Texas Actions constitute an adjudication on the merits barring those claims from being refiled. That issue, in turn, requires us to analyze the federal two-dismissal rule.

B.     The Federal Two-Dismissal Rule.

Fed. R. Civ. P. 41 sets forth several ways an action in federal court may be dismissed. Under subsection (a)(1)(A), a plaintiff can voluntarily dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i) to (ii). Fed. R. Civ. P. 41(a)(1)(B) states that "if the

plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  That provision is known as the "two-dismissal rule" and if it is applicable, it has res judicata effect and precludes a plaintiff from filing a new action based on the same claims that were twice previously voluntarily dismissed.  See Yesh Music v. Lakewood Church, 727 F.3d 356, 363 (5th Cir. 2013) (noting that "the well-known legal consequence of two voluntary dismissals is an inability to re-file the complaint"); see also Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P., 593 F. App'x 265, 275 (5th Cir. 2014).[2]

Fed. R. Civ. P. 41(a)(2) also provides that an action may be dismissed by court order.  That provision states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
>
> [Fed. R. Civ. P. 41(a)(2).]

---

[2]  Although opinions published in the Federal Appendix are not precedential, they are reported opinions and we cite to them as persuasive authority.

A-2736-20

Gilead argues that the orders entered in the First and Second Federal Texas Actions were entered under Fed. R. Civ. P. 41(a)(1)(A)(i). So, it contends that the two-dismissal rule applies, and plaintiff's New Jersey Action is barred by principles of res judicata. Plaintiff, in contrast, maintains that both dismissals were brought by way of motion and two orders were entered. Therefore, plaintiff argues that the dismissals were pursuant to Fed. R. Civ. P. 41(a)(2), and they were without prejudice. In that regard, plaintiff points out that the dismissal order in the Second Federal Texas Action expressly stated that plaintiff's claims based on the NJFC Act were dismissed without prejudice.

We must determine what the federal court intended in issuing its two dismissal orders. Both orders were issued based on plaintiff's motions, which both expressly stated that the dismissals were being sought "[p]ursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)."[3] In the order dismissing the First Federal Texas Action, the court expressly cited to "Federal Rule of Civil Procedure 41(a)(1)[(A)](i)" as the basis for its dismissal. In the order dismissing the Second Federal Texas Action, the court expressly referenced plaintiff's "Motion for Voluntary Dismissal." The court then granted the motion and

---

[3] Plaintiff's motion in the First Federal Texas Action referred to "Federal Rule of Civil Procedure 41(a)(1)(i)," but the correct rule is Fed. R. Civ. P. 41(a)(1)(A)(i).

tracked the language of Fed. R. Civ. P. 41(a)(1)(A)(i) by stating it was granting the dismissal "because no defendant has served an answer or motion for summary judgment."

Given that plaintiff expressly moved for the voluntary dismissal of both actions based on Fed. R. Civ. P. 41(a)(1)(A)(i), and that the court expressly referenced the basis of plaintiff's grounds for dismissal in the orders, we conclude that those orders are governed by the two-dismissal rule. Consequently, the second order acted as an adjudication on the merits and precludes plaintiff from reasserting the same or similar claims.

In reaching this conclusion, we recognize that the result may seem harsh. The United States Court of Appeals for the Fifth Circuit, however, has acknowledged that the two-dismissal rule is a "potentially harsh rule, but the language [of Fed. R. Civ. P. 41(a)(1)] is clear." Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP, 575 F. App'x 216, 219 (5th Cir. 2014). In that regard, the Fifth Circuit has held that the "effect of [the] second dismissal is determined by Rule 41(a)(1)(B)'s two-dismissal rule," which must be strictly enforced when it applies. Id. at 218.

Moreover, quoting the Seventh Circuit, the Fifth Circuit has explained that Fed. R. Civ. P. 41(a)(1)(B)'s two-dismissal rule should be enforced because,

the [Federal Rules of Civil Procedure] are carefully-crafted instruments designed to achieve, by their uniform application, fairness and expedition in the conduct of federal litigation. Therefore, when a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that a departure from the plain language is justified.

[Cabot Golf, 575 F. App'x at 219 (quoting Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co., 826 F.2d 637, 640 (7th Cir. 1987)).]

The Fifth Circuit has also held that the controlling consideration is whether a plaintiff acts pursuant to Fed. R. Civ. P. 41(a)(1). Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976). In Williams, the Fifth Circuit explained that even if a plaintiff filed a motion to dismiss, rather than a notice of dismissal, that distinction was "without a difference." Ibid. In other words, how a plaintiff "styled" its motion was not dispositive; rather, the controlling fact was whether the plaintiff sought the dismissal under Fed. R. Civ. P. 41(a)(1) as opposed to Fed. R. Civ. P. 41(a)(2). Ibid.

Other federal appellate circuit courts have applied that same reasoning. The Ninth Circuit has held that "the label a plaintiff attaches to a second Rule 41(a)(1) dismissal is irrelevant if a subsequent action is filed 'based on or including the same claim,' because Rule 41(a)(1) itself instructs that such a dismissal 'operates as an adjudication upon the merits.'" Com. Space Mgmt. Co.

14

v. Boeing Co., 193 F.3d 1074, 1080 (9th Cir. 1999) (quoting Fed. R. Civ. P. 41(a)(1)). The Seventh Circuit, citing an Eighth Circuit case discussing the same issue, has noted that:

> [T]here are circumstances when due regard for the underlying policy concerns of [Fed. R. Civ. P. 41(a)(1)] may require that the court depart from the precise language of the Rule. See, e.g., Gioia v. Blue Cross Hosp. Serv., Inc., 641 F.2d 540 (8th Cir. 1981) (although dismissal granted by court order, totality of circumstances established that dismissal was pursuant to Rule 41(a)(1) rather than 41(a)(2)).
>
> [Sutton Place Dev. Co., 826 F.2d at 640 (citations reformatted).]

Moreover, our holding is consistent with cases from other jurisdictions recognizing that qui tam suits brought under the federal False Claims Act may be dismissed pursuant to Fed. R. Civ. P. 41(a)(1), even though a court order is required. See, e.g., Forshey v. Airborne Freight Corp., 755 N.E.2d 969, 974 (Ohio Ct. App. 2001).

In summary, we are required to look to federal law for the res judicata effect of the dismissals of the First and Second Federal Texas Actions. As we read federal law, the controlling fact is the rule plaintiff relied on in moving for dismissal. Plaintiff expressly relied on Fed. R. Civ. P. 41(a)(1) both times when it dismissed the First and Second Federal Texas Actions. Therefore, we affirm

A-2736-20

the dismissal of the New Jersey Action based on the res judicata effect of the two-dismissal rule.

Having determined that the New Jersey Action is barred by principles of res judicata, we normally would decline to discuss the other issues because to do so would effectively render an advisory opinion. Nevertheless, we point out there is an alternative ground that supports the affirmance of the dismissal of plaintiff's New Jersey Action. Plaintiff's New Jersey Action is also barred by the public disclosure bar in the NJFC Act. See N.J.S.A. 2A:32C-9(c). We have discussed the public disclosure bar and how it precludes similar qui tam actions filed by two relators who were affiliated with plaintiff and sued two other pharmaceutical companies. See State ex rel. Health Choice Grp., LLP v. Bayer Corp., ___ N.J. Super. ___ (App. Div. 2024).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2736-20